**BARRY HOWARD AND ASSOCIATES, INC., Plaintiff,**

v.

**INDIANA TRANSPORTATION MUSEUM, INC., Defendant.**

No. IP 87–625 C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

May 23, 1989.

Arthur H. Goodman, White Plains, N.Y., Wendell Mayer, Indianapolis, Ind., for plaintiff.

Cale J. Bradford, Caster & Bradford, Indianapolis, Ind., for defendant.

## MEMORANDUM ENTRY ON MOTION TO SET ASIDE DEFAULT JUDGMENT

TINDER, District Judge.

This matter comes before the court on a motion to set aside a default judgment filed against defendant, Indiana Transportation Museum, Inc. (Museum). The motion to set aside the judgment has been filed pursuant to Fed.R.Civ.P. 55(c) and 60(b). The motion was opposed by the plaintiff, and a hearing on the motion was held on February 27, 1989.

### I. *Background*

Plaintiff, Barry Howard & Associates, Inc., became entangled in a contractual dispute with defendant regarding funds allegedly owed to plaintiff for services it claims to have performed for defendant. As a result of this dispute, plaintiff filed a summons and complaint with the court on June 15, 1987. Defendant was served by certified mail through its registered agent, Gary P. Price, on June 17, 1987. However, the defendant failed to answer the complaint and made no attempt to contact the court or opposing counsel. The plaintiff subsequently made a motion for default judgment that was filed on October 28, 1987. Default was entered and judgment was granted on January 27, 1988. On December 19, 1988, the plaintiff sent a praecipe for a writ of execution to the court. The writ of execution was executed by the clerk of the court on December 27, 1988 and received in the office of the United States Marshall on December 28, 1988. On January 29, 1989, the defendant filed a motion to set aside the default judgment.

### II. *Standard of Review*

Fed.R.Civ.P. 55(c) provides that a judgment of default is to be set aside only in accordance with the standards established in Fed.R.Civ.P. 60(b).

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Fed.R.Civ.P. 55(c).

The crux of Fed.R.Civ.P. 60(b) is that motions made for excusable neglect must be made within a reasonable time period

and be within one year of the date of the judgment.

It should be noted that courts have interpreted the "reasonable" language of Fed. R.Civ.P. 60(b) to be much more difficult to overcome than the "good cause" requirement of Fed.R.Civ.P. 55(c). "By contrast, a motion to vacate a default judgment must be analyzed under the principles of Fed.R. Civ.P. 60(b) which requires a similar but more stringent showing than is required under Rule 55(c)...." *Allen Russell Publishing., Inc. v. Levy*, 109 F.R.D. 315, 317 (N.D.Ill.1985). The rationale behind the more difficult burden under Fed.R.Civ.P. 60(b) is that a default judgment is more final than a default entry. Thus, the Seventh Circuit has recognized an interest in finality that manifests itself in an unwillingness to easily upset judgments. "In order for the default judgment to be an effective deterrent against irresponsible conduct in litigation, relief from a default judgment under rule 60(b) must be perceived as an exceptional remedy." *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1206 (7th Cir.1984). The determination of reasonableness is always made on a case by case basis and left to the discretion of the trial judge. *McKnight v. United States Steel Corp.*, 726 F.2d 333, 335 (7th Cir.1984).

## III. *Discussion*

The defendant approaches this court just two days before the one year limitation in Fed.R.Civ.P. 60(b) would have barred further action except under the highly restrictive Fed.R.Civ.P. 60(b)(6). The defendant's primary contention is that this delay was reasonable as excusable neglect because the Museum could not afford to hire an attorney. The defendant also claims that a meritorious defense to the action exists and that the plaintiff will not be prejudiced if relief is granted.

### A. Reasonable Delay

■ Fed.R.Civ.P. 60(b)(1) provides defendant with relief from excusable neglect for failure to defend an action. However, defendant's motion must be made within one year of the judgment. Defendant's motion must also be within a reasonable time period within the one year limitation. Thus, the fact that defendant, in this case, acted prior to the one year limitation is no guarantee that the court will grant relief. The defendant must also demonstrate to the court that its delay was justified.

The Seventh Circuit has stated several criteria that may be considered in regard to this inquiry. "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of grounds relied upon and [the consideration of] prejudice [if any] to other parties." *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir.1986) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir.1981)). Such broad criteria can potentially lead to inconsistent results. However, the court in *C.K.S. Engineers, Inc.* stated as follows:

> Though not entirely consistent in their language, the default judgment cases in this circuit have been fairly consistent in their results. The common thread running through all the decisions is that the ruling on a rule 60(b) motion to vacate a default judgment should depend largely on the willfulness of the defaulting party's actions. Where it appears that the defaulting party has willfully chosen not to conduct its litigation with the degree of diligence and expediency prescribed by the trial court, this circuit has repeatedly upheld the trial court's denial of a rule 60(b) motion.

*C.K.S. Eng'rs, Inc.*, 726 F.2d at 1205.

The defendant claims that lack of financial resources eliminated its ability to defend this suit. However, the defendant made little effort to secure additional counsel after it was informed by resident agent Price that Mr. Price could not defend the suit on a *pro bono* basis.[1] It can hardly be

---

1. It should be noted that Mr. Price and his firm had generously performed many other services on a *pro bono* basis for the museum prior to this suit. Mr. Price and his firm decided that they

said that it was beyond defendant's control to attempt to secure representation from other attorneys.[2] Defendant also made no attempt to contact the court or the plaintiff with regard to its difficulty. Thus, it appears as though defendant was aware of this cause of action as well as its potential ramifications, but chose to take no action until its finances improved, almost one year after the default judgment. This is precisely the kind of deliberate action to which courts have repeatedly referred when denying relief.

The defendant's financial condition was bleak but not bankrupt. Mr. Johnson testified that it was the ordinary practice of the museum to incur financial obligations and then to scramble to find ways to acquire money to "catch up" with those obligations. With respect to the debt that underlies this suit, some money was available to the museum, to be paid by the City of Indianapolis, that was generally earmarked for the payment of the type of expenses generated by plaintiff's design services. As of June, 1985, the museum had not claimed that money, even though the plaintiff had already been sending strong collection requests for services rendered. The museum later collected the money from the City of Indianapolis, but chose to spend it on something other than plaintiff's outstanding bill.

During the several years preceding this suit, the museum was existing on a hand-to-mouth basis and that status continues to this day. Mr. Johnson indicated that at the time this suit was filed, the value of the museum assets roughly equalled the value of the debt. Most, if not all, of the physical assets served as security for certain loans.

Throughout the pendency of this suit, the museum continued in operation, employing a salaried executive director and a full time mechanic. Mr. Johnson noted that as of the hearing date, the employees' salaries had been deferred for eight weeks. However, it appears fair to conclude that during this suit, and after the judgment of default, the museum selectively paid some financial obligations and ignored others. Thus, the lack of effort to defend this suit or to seek relief from the judgment was a deliberate decision.

In *Allen Russell Publishing, Inc.*, the court held that financial difficulty may constitute good cause for delay under Fed.R. Civ.P. 55(c), which is less stringent than Fed.R.Civ.P. 60(b). However, the court stated that a good faith effort must be made to secure counsel in such a situation. "Thus, [defendant's] lack of counsel was not due to its lack of exercising reasonable diligence in attempting to procure representation. Despite its financial difficulties, [defendant] made those attempts which could reasonably be expected of it under the circumstances to procure counsel prior to default." *Allen Russell Publishing, Inc.*, 109 F.R.D. at 318.

The *Allen Russell Publishing, Inc.* defendant made three separate attempts to secure counsel and caused a delay of only nine weeks. By contrast, defendant in the case at bar has only documented one attempt to secure counsel and caused a delay of almost one year.

The court in *Allen Russell Publishing, Inc.* specifically alluded to two cases in which the defendants caused delays that were unreasonable despite the fact that they were without funds to proceed. These cases involved delays of nine months and two years respectively. *Id.* at 319. The delay in the case at bar of almost one year seems equally unreasonable. This fact is exacerbated by defendant's non-existent efforts to secure counsel during the one year delay. Under such circum-

---

could contribute no additional *pro bono* services to the museum at that time. Their decision was a reasonable one, especially in light of the likely expenses and time expenditures that would be incurred in defending this federal case.

**2.** John Johnson, Executive Director of the museum, testified that after receiving the lawsuit, he consulted various members of the museum board who were either attorneys or knowledgeable about legal expenses. Mr. Johnson learned that the defense of this suit would be expensive, perhaps costing in excess of $10,000.00. He did not ask any attorney other than Mr. Price to defend this suit.

stances, the defendant's motion under Fed. R.Civ.P. 60(b) should be denied.

### B. Meritorious Defense

■ Defendant asserts that its motion for relief should be granted because a meritorious defense exists in this matter. However, a meritorious defense alone will not suffice where the defendant has failed to act within a reasonable time period. The court in *C.K.S. Engineers, Inc.* stated as follows:

> The appellants contend that they have a meritorious defense and have moved promptly to vacate the default judgment, and that these are important considerations weighing in their favor on this appeal. While it is true that these are necessary elements for relief under rule 60(b), they are not sufficient elements for relief in the absence of some legitimate excuse for the default. Moreover, it is worth emphasizing that the appellants did not move promptly to vacate the default judgment, and that this fact weighs heavily against them.

*Id.* at 1208 (citation omitted).

Thus, defendant's contention of a meritorious defense means little given their failure to justify the default and the delay in filing a Fed.R.Civ.P. 60(b) motion almost one year after the default. It is not enough that defendant was waiting to become financially solvent. The defendant failed to make even a minimal effort to secure counsel after Mr. Price refused. Under such circumstances, financial difficulty alone will not suffice as a legitimate excuse for the default or the subsequent delay.

### C. Prejudice

■ Defendant claims that the delay of almost one year did not prejudice plaintiff in any way. However, lack of prejudice alone will not suffice to grant defendant relief where he has caused an unreasonable delay. The Ninth Circuit has stated that "[i]f a default judgment is entered as the result of a defendant's culpable conduct, however, we need not consider ... whether the plaintiff would suffer prejudice if the judgment were set aside." *Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir.1987). As stated above, the defendant acted willfully in this matter. The defendant was fully aware of the judgment against the Museum, but took only the most minimal steps to secure counsel. Consequently, defendant's claim that plaintiff was not prejudiced means little.

### IV. *Conclusion*

Defendant has failed to demonstrate that the delay of almost one year before filing a motion under Fed.R.Civ.P. 60(b) was reasonable. Therefore, defendants motion under Fed.R.Civ.P. 60(b) is DENIED.