78 F.3d 585
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald L. RICHARD, Sr., Plaintiff-Appellant,
v.
Leo ALLEN, Detective, et al., Defendants-Appellees.
 No. 95-3451.
 United States Court of Appeals, Sixth Circuit.
 March 7, 1996.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Donald L. Richard, Sr., pro se, appeals a district court order denying his motion for relief from judgment which he filed pursuant to Fed.R.Civ.P. 60(b)(4). This motion was filed after the district court dismissed Richard's civil rights complaint which he had filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his motion for relief from judgment, Richard asserted that the district court's dismissal on August 28, 1990, was void. Upon consideration of this motion, the district court concluded that Richard's Rule 60(b)(4) motion was not filed within a reasonable time, and that the § 1983 complaint was indeed frivolous. This timely appeal followed. Richard has filed a motion to take judicial notice.
 
 
 4
 Despite Richard's assertions to the contrary, no grounds warranting Rule 60(b) relief exist. Indeed, Richard attempts to relitigate the merits of his failed initial appeal by seeking review of the denial of his Rule 60(b) motion. Our review of Rule 60(b) rulings, however, does not permit review of the merits of the underlying judgment. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Union Oil Co. v. Service Oil Co., 766 F.2d 224, 227 (6th Cir.1985).
 
 
 5
 A party may seek relief from judgment under Rule 60(b) pursuant to one of six clauses specified under that Rule. An abuse of discretion standard applies to decisions rendered under the first five clauses of Rule 60(b). Lewis v. Alexander, 987 F.2d 392, 395 (6th Cir.1993). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. United States v. Winston, 37 F.3d 235, 239 (6th Cir.1994).
 
 
 6
 A Rule 60(b) motion must be made within a "reasonable time," and if the motion is brought under Rule 60(b)(1), (2), or (3), not longer than one year after entry of judgment. Fed.R.Civ.P. 60(b); Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir.1981) (per curiam). The "reasonableness" requirement of Rule 60(b) applies to all grounds; the one year limit on the first three grounds enumerated merely specifies an outer boundary. 7 James W. Moore et al., Moore's Federal Practice p 60.22 (2d ed. 1993). "What constitutes 'reasonable time' depends on the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." Ashford, 657 F.2d at 1055. The burden is on the moving party to demonstrate to the court that his delay in filing a Rule 60(b) motion was justified. Barry Howard & Assocs., Inc. v. Indiana Transp. Museum, Inc., 125 F.R.D. 487, 489 (S.D.Ind.1989).
 
 
 7
 The district court did not abuse its discretion in denying Richard Rule 60(b) relief. Richard approached the district court with his Rule 60(b) motion on December 22, 1994. He offered no explanation or excuse for the almost four years delay in filing his motion, nor is any explanation apparent from the record. Therefore, the district court did not abuse its discretion when the court denied Richard's Rule 60(b)(4) motion.
 
 
 8
 Accordingly, the motion to take judicial notice is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.