Jean S. SCHANEN, power of attorney for Lascelle Tillet, Plaintiff-Appellee,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Defendant-Appellant.

Nos. 84–4028, 84–4239.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1985.

Decided June 7, 1985.

Jean Schanen, Schanen Law Firm, Wasilla, Alaska, for plaintiff-appellee.

Deborah Ruth Kant, Washington, D.C., for defendant-appellant.

Before GOODWIN, SCHROEDER and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

Tillet brought an action through his attorney, Schanen, to compel disclosure of government documents under the Freedom of Information Act ("FOIA"). The district court granted Tillet's unopposed motion for summary judgment. The government moved for relief from judgment, asserting that the outcome was due to the inadvertence and negligence of the Assistant United States Attorney ("AUSA"). The district court denied the motion. The government appeals. We affirm.

## FACTS

Appellee Lascelle Tillet, a citizen and resident of Belize, was indicted on a federal narcotics charge in 1974, and a warrant was issued for his arrest. The government took no action to inform Tillet of the indictment or return him to the United States. Tillet apparently remained ignorant of the charges and warrant until 1981. He then submitted an FOIA request for documents pertaining to the investigation. Appellant, the United States Department of Justice, did not process the request because it considered Tillet a fugitive from justice.

Tillet then sued in the District of Alaska for a court order to compel production of the requested documents under the FOIA. Appellant raised two defenses in its answer: that a fugitive from justice "may not call upon a federal court to service his complaint," and that the information requested was exempt from disclosure because it would "interfere with [law] enforcement proceedings." 5 U.S.C. § 552(b)(7)(A).

On February 22, 1983, the government filed a motion to dismiss on the "fugitive" ground. Tillet responded on March 10 by filing a combined "opposition" and summary judgment motion. The AUSA failed to respond to the summary judgment motion.

On September 28, 1983, the district court denied appellant's motion to dismiss on the ground that Tillet was not a fugitive from justice.

In December 1983, the indictment against Tillet was dismissed, and appellant began processing the FOIA request.

On May 24, 1984, the district court granted Tillet's unopposed summary judgment motion, ordered the release of all requested documents, and granted Tillet nominal attorney fees. The court justified its ruling in part on the ground that under its local rules, "the government's failure to file a brief in opposition shall be deemed an admission that plaintiff's motion is well taken." The court also stated that

> [n]o questions of fact have been presented. Nor has the government shown that the information sought pertains to a pending or prospective enforcement proceeding. *See generally Harvey's Wagon Wheel, Inc. v. NLRB,* 550 F.2d 1139 (9th Cir.1976). Even assuming that a warrant for the requestor's arrest is outstanding, the failure by the government to show efforts to extradite the requestor or serve the warrant dispel any doubt that enforcement proceedings are prospective. *Cf. Campbell v. Department of Health and Human Services,* 682 F.2d 256 (D.C.Cir.1982) (government has burden to show interference with enforcement).

> In sum, notwithstanding the government's admission by failure to respond to the motion, the court has determined that no genuine issues of fact have been raised and that plaintiff is entitled to judgment as a matter of law.

A few days after the court's ruling, appellant released some but not all of the requested documents to Tillet. Many of the documents released contained substantial deletions.

Several months later, the government filed a motion to set aside the judgment under Fed.R.Civ.P. 60(b)(1) and (6).[1] The government argued that the failure to respond to Tillet's summary judgment motion "was the result of mistake, inadvertence, and excusable neglect," because the AUSA who handled the case made the "mistaken assumption that the Motion to Dismiss would protect the record." Appellant also raised numerous FOIA exemptions not mentioned in its answer, arguing that the public interest in effective law enforcement, the safety of government agents and informants, and third party privacy inter-

---

**1.** Fed.R.Civ.P. 60(b) provides, in pertinent part: On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.

ests would be jeopardized if the motion were not granted.[2]

In its order denying the motion, the court stated:

Defendant incorrectly characterizes this case as one in which a default was entered.

Contrary to the defendant's representation in its statement of fact, the court did not rely on defendant's failure to file an opposition as the grounds for granting the motion for summary judgment. The court noted that defendant's failure shall be deemed an admission that the motion was well taken. The court then proceeded, however, to discuss the merits of the only exemption claimed by defendant in its answer, namely, 5 U.S.C. § 552(b)(7)(A). The court determined that no genuine issues of material fact had been raised and that the exemption did not apply since there were no pending or prospective enforcement proceedings. In short, the motion was not granted by default but was a decision on the merits based on the record before the court.

The district court denied relief under Rule 60(b)(1) because "[d]efendant's failure to respond to the motion for summary judgment during the first seven months the motion was pending is inexcusable." The court also denied relief under Rule 60(b)(6) because the public policy and privacy interests asserted by the government "are arguments based on the merits of the exemptions. There is, however, no good reason why these exemptions were not claimed in addition to others claimed by the agency and by its attorneys prior to judgment." The government appeals.

## ANALYSIS

### A. *Rule 60(b) Motion*

#### 1. *Standard of Review*

■ This court reviews a district court's decision on a Rule 60(b) motion under the abuse of discretion standard. *See, e.g., Rodgers v. Watt,* 722 F.2d 456, 460 (9th Cir.1983) ("determination of excusable neglect is left to the sound discretion of the district court"); *Plotkin v. Pacific Tel. & Tel. Co.,* 688 F.2d 1291, 1292–93 (9th Cir. 1982); 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.19 (2d ed. 1983). Although appellant contends that a de novo standard should apply in this case, we can find no authority to support this proposition.

#### 2. *Relief From Judgment*

Appellant contends that the district court abused its discretion in denying the Rule 60(b) motion primarily because it did not give sufficient weight to the allegedly compelling public and private interests that might be jeopardized by disclosure. Tillet points out that the merits of a case should not be considered on an appeal from the denial of a Rule 60(b) motion, and that in any event consideration of new claims at the post-judgment stage is in the discretion of the trial court.

■ Rule 60(b) motions should be liberally construed to see that cases are tried on the merits and to dispense with "technical procedural problems." *Rodgers v. Watt,* 722 F.2d at 456. On the other hand, "there is a compelling interest in the finality of judgments which should not be lightly disregarded." *Id.* Only "extraordinary circumstances" justify disturbing such finality. *United States v. Sparks,* 685 F.2d 1128, 1130 (9th Cir.1982). Moreover, an appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment. *United States v. Cirami,* 535 F.2d 736, 741 (2d Cir.1976); 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.30[3] (2d ed. 1983).

■ In this case, the district court decided that the government's neglect in failing to respond to the summary judgment motion was inexcusable. It also ruled that new arguments raised after final judgment which could have been raised earlier would not justify relief from judgment. Al-

---

**2.** The government does not rely on the "enforce-ment proceedings" exemption on appeal.

though appellant points to various decisions in which appellate courts have remanded cases to district courts for consideration of exemptions not raised in the original action, such remands usually follow changes in or clarifications of the law, and in any event are within the court's discretion. *See, e.g., Berry v. Dept. of Justice,* 733 F.2d 1343 (9th Cir.1984); *Lykins v. Dept. of Justice,* 725 F.2d 1455 (D.C.Cir.1984); *Church of Scientology v. U.S. Dept. of the Army,* 611 F.2d 738 (9th Cir.1979). The refusal of the district court to consider new arguments at that stage did not constitute an abuse of discretion in spite of the government's assertion that dire consequences would result from denial of the motion. This is especially true where, as here, the supporting affidavits give no details about the need for specific deletions, but merely assert in a conclusory manner that certain disclosures would "constitute an unwarranted invasion of personal privacy" or "reveal the identity of a confidential source." [3]

We hold that the district court did not abuse its discretion in denying the Rule 60(b) motion.

### B. *Raising New Issues on Appeal*

■ Appellant also contends that because of the applicability of the FOIA exemptions first raised in the Rule 60(b) motion, the district court absolutely lacked authority under any circumstances to order disclosure of the documents. Tillet replies that this issue was not properly raised below and therefore should not be considered on appeal. Appellant responds that the

relevant exemptions were raised at the district court level by the Rule 60(b) motion, and that they are therefore properly before this court.

Acceptance of appellant's argument would effectively eliminate the rule that an agency "cannot prevail on an [FOIA] exemption that it has not raised either at the agency level or in the district court and that it has invoked for the first time in the appellate court." *Jordan v. United States Dept. of Justice,* 591 F.2d 753, 779 (D.C. Cir.1978) (en banc). Appellant's proposed rule would allow any losing party to assert new claims or theories on appeal by simply bringing a Rule 60(b) motion (based on the new claim or theory) up to a year after final judgment and then appealing the denial of the motion.

We hold that the FOIA exemptions raised for the first time after final judgment are not properly before this court.

### CONCLUSION

The government in this case seeks to be relieved of the consequences of its failure either to oppose a summary judgment motion or to raise the proper defenses at the district court level. We could conceive of situations in which relief from a judgment allegedly caused by the incompetence of government counsel might be appropriate. However, we hold that under the specific facts of this case, the district judge did not abuse his discretion in refusing to grant such relief and that appellant may not raise its new defenses for the first time after final judgment.

---

**3.** Appellant also claims that the district court's failure to allow it to assert other exemptions beyond the single "threshold" exemption raised before judgment constitutes a "constructive default judgment" against the government in violation of Fed.R.Civ.P. 55(e). Appellant cites no authority to support this proposition, however. There is also no authority to support the implication that by raising a single "threshold defense" the government gains a right to raise any other defense at any time.

Appellant also challenges the district court's apparent belief that Tillet would keep any disclosed information confidential and use it only for the purpose of obtaining a visa. Appellant

correctly points out that the affidavit cited by the district court is silent on this point, and that at least one appellate court has questioned whether a district court has the power to order disclosure to a plaintiff while withholding it from the public. *See Arieff v. U.S. Dept. of the Navy,* 712 F.2d 1462, 1470–71 & n. 2 (D.C.Cir. 1983); *Ditlow v. Shultz,* 517 F.2d 166, 170–71 (D.C.Cir.1975). The district court's order reveals, however, that this was at most a minor factor in the decision to order disclosure. The real basis for the denial was that the exemptions could have been raised prior to judgment but were not.

The district court's decisions to grant Tillet's motion for summary judgment and deny appellant's motion for relief from judgment are AFFIRMED.