Jean S. SCHANEN, power of attorney for Lascelle Tillet, Plaintiff-Appellee,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Defendant-Appellant.

Nos. 84–4028, 84–4239.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1985.

Decided June 7, 1985.

Amended Oct. 10, 1985.

Order Filed Aug. 20, 1986.

Jean Schanen, Schanen Law Firm, Wasilla, Alaska, for plaintiff-appellee.

Deborah Ruth Kant, Washington, D.C., for defendant-appellant.

Before GOODWIN, SCHROEDER and BEEZER, Circuit Judges.

### ORDER

This order is made necessary by reason of the failure of the United States Attorneys representing the Department of Justice to defend a Freedom of Information Act (FOIA) claim in a competent manner. On petition for rehearing before this court, the government now achieves a result that it most certainly would have achieved before the district court had the government litigated this case diligently.

Many of the relevant facts and much of the procedural history of this case may be found in our opinion, which is published at 762 F.2d 805. However, a brief summary is in order.

Jean S. Schanen, as attorney-in-fact for Lascelle Tillet, commenced an action under FOIA, 5 U.S.C. § 552, to compel disclosure of various documents relating to Tillet's indictment on federal narcotics charges. The government answered that (1) Tillet was a fugitive from justice and, therefore, not entitled to sue in federal court, and (2) the requested information was exempt from disclosure under 5 U.S.C. § 552(b)(7)(A) because it would interfere with law enforcement activities.

The government moved to dismiss on the fugitive from justice grounds. Schanen filed a combined "opposition" and motion for summary judgment. The government did not respond to Schanen's motion for summary judgment. The district court denied the government's motion to dismiss and granted Schanen's motion for summary judgment on the merits.

Several months later, the government moved to set aside the judgment under Fed.R.Civ.P. 60(b)(1) and (6). The government emphasized that its failure to respond was excusable neglect. The government also argued that dire consequences would follow if the judgment were not set aside. The government's supporting affidavits, however, gave no details regarding the need for specific deletions, but merely asserted in a conclusory manner that certain disclosures would result in unwarranted invasions of privacy or reveal the identity of a confidential source. The government treated the rule 60(b) motion in all material respects as if the motion were merely a response to Schanen's motion for summary judgment. The district court denied the government's rule 60(b) motion.

The government appealed the district court's denial of the government's rule 60(b) motion. The government argued, inter alia, that the documents were "highly sensitive," and would result in the "release of the names of confidential informants, law enforcement personnel, other targets of the criminal investigation, and other third parties." The government was not sufficiently concerned with the matter to submit the documents for our *in camera* review. Based on the record before us, we held that the district court did not abuse its discretion. *See* 762 F.2d at 808.

After we filed our opinion, the government petitioned for rehearing. For the first time, the government argued in explicit terms that release of the documents would endanger the lives of DEA agents and confidential informants. Sua sponte we ordered the government to submit all relevant documents together with specific exemption claims for our *in camera* review. *See Schanen v. United States Department of Justice*, 773 F.2d 1065 (9th Cir.1985).

We have reviewed the documents and the exemption claims. There is no doubt; various FOIA exemptions apply. Release of the documents would endanger the lives and well-being of agents and informants. We will not be a party to the potential for harm that would follow release of these documents. The documents must not be released.

However, we adhere to our earlier reasoning. The government failed to raise proper defenses or oppose summary judgment. 762 F.2d at 808. The government failed to present sufficient evidence to the district court in support of its rule 60(b) motion. *Id.* Based on the government's presentation of its case, the district court neither erred nor abused its discretion.

■ If the government attorneys had defended this action diligently, much controversy and expense could have been avoided. Rule 60(b) provides that the court may relieve a party from a final judgment "upon such terms as are just." Since it was the government's lack of diligence that prolonged these proceedings, justice demands that Schanen and Tillet be compensated for their expenses occasioned by the additional proceedings. Therefore, on remand, the district court shall order the government to recompense Schanen and Tillet for their actual and reasonable costs and attorneys' fees attributable to all proceedings following the grant of summary judgment, including proceedings before this court.

In summary, we reaffirm our opinion published at 762 F.2d 805, but modify our mandate to direct the district court to grant the government's rule 60(b) motion and enter judgment in favor of the government. We remand this case to the district court for imposition of costs and fees as discussed above. This panel will retain jurisdiction over any appeals from the orders of the district court in this case.

762 F.2d 805 REAFFIRMED AS MODIFIED, CAUSE REMANDED.