In re Brian D. **HAMMER**, Debtor.

Brian D. **HAMMER**, Appellant,

v.

Michael **DRAGO** and Ed **Summers**, Appellees.

BAP No. NC–89–1864–AsRO.
Bankruptcy No. 486–04397 CN.
Adv. No. 487–0004 AC.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Feb. 15, 1990.

Decided April 10, 1990.

Brian D. Hammer, Los Altos, Cal., in pro. per.

Mark W. Frisbie, Elliott Abrams, Walnut Creek, Cal., for appellees.

Before ASHLAND, RUSSELL and OLLASON, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

The debtor Brian Hammer appeals from the bankruptcy court's denial of his request for relief from a default judgment entered against him in an adversary proceeding for nondischargeability of debt. We affirm.

## FACTS

In 1982 Hammer hired appellees Drago and Summers to maintain his swimming pool at his personal residence. The three became personal friends and during November, 1985 appellees began investing in several business enterprises under Hammer's control. The investments totaled approximately $285,000 and were "secured" with phony deeds of trust. All the phony deeds of trust were dated pre-petition. In September, 1986 Hammer filed for Chapter 7 bankruptcy. It is undisputed that on October 23, 1986 he made out a deed of trust on his personal residence to appellees as the beneficiaries in the amount of $400,-000.

In October, 1986 debtor was indicted for mail fraud. On February 6, 1987 he surrendered for incarceration at Lompoc federal prison.

On January 5, 1987 appellees filed a complaint for nondischargeability of debt on grounds of fraud and false pretenses under 11 U.S.C. § 523(a)(2)(A). On January 9, 1987 they served debtor with a summons and complaint by first-class mail at the residence address provided by debtor in his bankruptcy petition and sent copies of these documents to debtor's former attorney. This service of process was made in accordance with Bankruptcy Rule 7004(b)(9) which authorizes service of process to be made upon the debtor by first-class mail by "mailing copies of the summons and complaint to the debtor at the address shown in the petition ... or to such other address as the debtor may designate in writing filed with the court and, and if the debtor is represented by an attorney, to the attorney at his post-office address." In his brief, debtor admitted having discharged his attorney in December, 1986. Debtor filed no answer to this action.

On or about January 25, 1987 the summons and complaint were returned to appellees' counsel marked, "return to sender, moved left no address." Subsequently, appellees' counsel contacted Robert Ward, debtor's former attorney, who told him that debtor had not responded to Mr. Ward's correspondence nor informed him of debtor's whereabouts. Mr. Ward indicated that he did not intend to represent debtor in connection with this adversary proceeding. Appellees' counsel also contacted the bankruptcy court clerk to ascertain debtor's address only to discover that no notice of change of address was filed. At trial, Hammer testified that he moved from the residence listed in his bankruptcy petition in November, 1986. Also at trial, appellees denied having knowledge of debtor's whereabouts prior to being notified by the U.S. Attorney's office that debtor was at Lompoc federal prison.

On March 7, 1987 a default judgment was entered against Hammer in the amount of $310,866.86. This judgment remains outstanding. In December, 1987 ap-

pellees levied a writ of execution on debtor's Merrill Lynch securities brokerage account which contained approximately $300. Appellees insisted that two pieces of evidence demonstrate that Hammer knew about this levy and its import: 1) a process receipt verifying that the marshall notified debtor of the levy by certified mail, and 2) a letter written by Hammer on January 31, 1989 to appellees' attorney demanding that appellees return the "$300 improperly seized in 1987 from our account." In January, 1989 appellees levied a writ of execution against debtor's 1987 Mercury Topaz. Debtor claimed this was the first time he received knowledge of the default judgment.

Debtor filed in bankruptcy court a claim of exemption for his vehicle, which appellees opposed. Shortly thereafter, he filed in federal district court a motion to quash levy and writ of execution and stay further enforcement proceedings, which appellees also opposed. On February 16, 1989 the bankruptcy court denied debtor's claim of exemption. Since appellees were not present at the marshall's sale and no bid was made on the automobile, it was released back to the debtor and appellees re-levied on the car immediately. This time, debtor filed a claim of exemption in federal district court and obtained a hearing date for his pending motion to quash execution and stay further enforcement proceedings. The district court judge took all these matters under submission and on August 7, 1989 issued its Order Dismissing Action, ruling that the district court was without jurisdiction to entertain these matters, and referred debtor's case to bankruptcy court pursuant to Local Rule 700–2.

Pending the district court judge's decision, debtor filed in bankruptcy court a motion entitled Application to Set Aside Right to Attach Order And Release Attached Property, Etc., which appellees opposed. Appellees interpreted this to be a motion under Federal Rule of Civil Procedure 60(b)(6), which provides that a court may vacate a final judgment for "any other reason justifying relief from the operation of the judgment." On July 3, 1989 the bankruptcy court decided not to rule on the motion because a similar motion was already before the district court. After the district court judge issued his order, debtor renewed his claim of exemption in bankruptcy court and appellees obtained September 11, 1989 as the hearing date for their objection to this exemption claim. At this hearing, the court also heard arguments regarding debtor's Rule 60(b)(6) motion. Debtor maintained that such relief should be granted on grounds of lack of notice and opportunity to defend. He argued that since service of process was not made in accordance with Fed.R.Civ.P. 4(c)(2)(C)(ii) nor Fed.R.Civ.P. 4(d) nor Bankruptcy Rule 7004(b)(1), it was improper and therefore, the default judgment is void.

The bankruptcy court determined that service was proper pursuant to Rule 7004(b)(9) since the summons and complaint were mailed by first-class mail to the address listed in debtor's petition, and noted that the rule expressly states that debtor's correct address is the address he indicates in his petition. The court added that once a debtor files a bankruptcy petition and subsequently moves to different premises, it is his responsibility to apprise his attorney or the bankruptcy court clerk of his forwarding address.

Appellees also argued that in order to prevail on a 60(b)(6) motion debtor must present a meritorious defense. Debtor asserted that appellees agreed to accept the October 23, 1986 deed of trust in satisfaction of his debt, and that this novation constitutes a meritorious defense. He has not made any assertions under penalty of perjury. In a sworn declaration, appellees denied having agreed to accept these documents and to release debtor from his obligations for two reasons: 1) debtor's residence was already encumbered in excess of its fair market value and the deed of trust was therefore worthless, and 2) a Chapter 7 debtor has no power to transfer a deed of trust. They asserted that tendering a worthless deed of trust does not qualify as a meritorious defense to a complaint under § 523(a)(2)(A).

Finally, appellees contended that debtor's motion was untimely. They argued that

since claims under 60(b)(6) "shall be made within a reasonable time," as prescribed by Rule 60(b), debtor's delay in responding to the default judgment was unreasonable.

The bankruptcy court allowed debtor's claim of exemption to the extent of $1200, but denied relief from the default judgment. The court elaborated three reasons for declining to set aside the default judgment: (1) too much time had elapsed; (2) lack of a strong meritorious defense; and (3) policy of finality of judgments. Debtor appealed the court's denial of his 60(b)(6) motion.

On appeal, debtor argues that notice of the adversary proceeding was defective and that the bankruptcy court erroneously denied his 60(b)(6) motion. First, he declares that applications to open a default judgment are frequently granted when a meritorious defense exists and when the default was not intentional. He asserts that he does have a meritorious defense based on novation. Second, he advocates that since default judgments are generally disfavored, due process dictates that this court set aside the judgment to make a resolution on the merits. He points out that Rule 60(b) is remedial in nature and must be liberally applied. Appellees argue that since Hammer's position originally was and remains groundless, he should be sanctioned for this frivolous appeal.

## ISSUES

Whether the bankruptcy court abused its discretion in denying debtor's motion for relief from a default judgment pursuant to Fed.R.Civ.P. 60(b)(6), which is made applicable to adversary proceedings by Bankruptcy Rule 9024.

## STANDARD OF REVIEW

■ Appellees correctly advocate that a trial court's ruling on a motion for relief from judgment is reviewed for abuse of discretion. *In re Martinelli*, 96 B.R. 1011, 1012 (9th Cir. BAP 1988). A trial court abuses its discretion if it rests its conclusion on clearly erroneous factual findings or an incorrect legal standard. *S.E.C. v. Carter Hawley Hale Stores, Inc.*, 760 F.2d

945, 947 (9th Cir.1985). The Ninth Circuit has held that rulings on motions for relief from judgment will be reversed only upon a *clear showing* of abuse of discretion. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir.), *cert. denied*, 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987).

## DISCUSSION

■ Debtor correctly points out that the trial court's discretion is limited by three considerations. First, since Rule 60(b) is remedial in nature, it must be liberally applied. *Meadows*, 817 F.2d at 521. Second, default judgments are generally disfavored and cases should be decided on their merits. *Id.* Third, where defendant seeks timely relief from the judgment and has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment. *Id.*

■ However, debtor ignores that a court can deny a Rule 60(b) motion to vacate a default judgment if (1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside. *Meadows*, 817 F.2d at 521. This tripartite test is disjunctive. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir.1988). Thus, for purposes of this appeal, it is sufficient to find that the bankruptcy court did not abuse its discretion by determining that appellant had no meritorious defense.

■ The burden is on the moving party to bring himself within the purviews of Rule 60(b)(6). *Martinelli*, 96 B.R. at 1013. Movant's factual allegations are accepted as true. *Falk v. Allen*, 739 F.2d 461, 464 (9th Cir.1984). But, "mere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense" are insufficient to justify upsetting the underlying judgment. *In re Stone*, 588 F.2d 1316, 1319 (10th Cir.1978).

■ Debtor's paramount claim is that the bankruptcy court had no jurisdiction to enter a default judgment because service of process was improper. First, it is illogical for debtor to maintain that Fed.R.Civ.P.

4(d) applies because that rule does not prescribe the *manner* in which service must be made. Second, Bankruptcy Rule 7004(a) enumerates the service of process rules from Fed.R.Civ.P. 4 that apply to adversary proceedings. Since Fed.R.Civ.P. 4(c)(2)(C)(ii) is not mentioned, it is inapplicable to adversary proceedings. Furthermore, Bankruptcy Rule 7004(b) provides additional methods of service, one of which is subsection (9), which allows for service to be made by first-class mail upon the debtor at the address listed in his bankruptcy petition or at any other address he supplies to the court in writing. It is noteworthy to mention that while Rule 7004(b)(9) requires that if debtor retains counsel, the attorney must also be served, since debtor discharged his attorney in December 1986, notice only to debtor was sufficient in this case.

Appellees unambiguously complied with Rule 7004(b)(9). Furthermore, after the summons and complaint were returned undeliverable, appellees tried to locate debtor by contacting his former attorney and the bankruptcy court clerk, but since he failed to leave a forwarding address even with the post office, appellees were left without further procedural recourse. Appellees correctly emphasize that debtor should have known that adversary complaints for nondischargeability were a possible response to his bankruptcy petition and that the deadline for filing such complaints was before his surrender to the authorities. Not only does debtor's disappearance constitute inexcusable disregard for the bankruptcy proceeding, but also arguably constitutes culpable conduct sufficient to deny a Rule 60(b)(6) motion to vacate a default judgment. However, since the bankruptcy court based its decision on the lack of a meritorious defense factor, it is that factor that must be addressed.

■ Debtor correctly points out that Rule 60(b) is remedial in nature and that motions pursuant to this rule should be liberally construed to ensure that cases are tried on the merits. *Falk*, 739 F.2d at 463. However, the Ninth Circuit has specified that since there exists a compelling interest

in the finality of judgments, Rule 60(b)(6) motions can be granted only under extraordinary circumstances. *Schanen v. United States Dept. Of Justice*, 762 F.2d 805, 807 (9th Cir.1985), *reaff'd as modified*, 798 F.2d 348 (9th Cir.1986). The moving party must demonstrate extraordinary circumstances. *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir.1989). Debtor cannot prevail under this standard because he has failed to advance any reasons that "constitute a circumstance of hardship that cries out for the unusual remedy of the reopening of a final judgment under Rule 60(b)(6)." *Id.*

■ Furthermore, the court's determination that debtor lacked a meritorious defense was not an abuse of discretion. Debtor's contention that novation constitutes a meritorious defense to an action pursuant to § 523(a)(2)(A) is a "mere legal conclusion" or "simple assertion" that does not warrant disturbing the underlying judgment. Debtor asserts that if the parties intend and *agree* to substitute a new note to settle or discharge an outstanding obligation, the new agreement is the binding one. However, nowhere in the record has debtor declared under penalty of perjury that the parties ever agreed to substitute the deed of trust on his personal residence in satisfaction of his debt. This argument must fail.

■ The debtor argues that his *pro se* status is essential to the evaluation of the timeliness factor. He urges that notwithstanding his lack of legal counsel, he has responded expeditiously to appellees' complaint. While reasonable minds may differ in ruling on the timeliness of his motion, based on all the facts and circumstances in the record, the bankruptcy court did not abuse its discretion in holding that the motion was not timely filed. Appellees highlight that debtor's two-year delay in objecting to the default judgment is unreasonable. They argue that he cannot claim that he did not learn of the default judgment until 1989 because: 1) he knew of the underlying bankruptcy case which he had filed, and 2) he knew of the levy on the Merrill Lynch account. At minimum, he should have filed this motion in conjunction

with his first claim of exemption motion filed in February, 1989. Appellees are correct. Debtor cannot rely on his own negligence and on his layman status to be excused from the timeliness requirement of Rule 60(b)(6). His motion was not filed within a reasonable time and was correctly denied.

■ We are sensitive to the obligation of the courts to provide access for petitioners seeking in good faith to avail themselves of the protection of the law. *Grimes v. Commissioner of Internal Revenue,* 806 F.2d 1451, 1454 (9th Cir.1986). Nonetheless, this principle does not inhibit the court from imposing sanctions when presented with frivolous appeals. *Id.* Federal Rule of Appellate Procedure 38 authorizes this Panel to award damages and costs to the appellee if we determine that an appeal is without merit. *In re Beugen,* 99 B.R. 961, 965 (9th Cir. BAP 1989) (citing *In re Wood,* 96 B.R. 993, 997 (9th Cir. BAP 1988); *In re Burkhart,* 84 B.R. 658, 661 (9th Cir. BAP 1988)). Since the issue raised on appeal was wholly without merit, we have no hesitation concluding that appellees are entitled to attorneys' fees and costs. Appellees will submit a bill of costs.

### CONCLUSION

The bankruptcy court based its conclusion on the correct legal standard, namely that debtor had no meritorious defense. The court did not abuse its discretion when it denied debtor's motion to vacate the default judgment pursuant to Fed.R.Civ.P. 60(b)(6).