28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Walter DEMUTH; Hans G. Diederichs, Plaintiffs-Appellants,
v.
CIRRUS CAPITAL CORPORATION, a California Corporation;
Pegasus Capital Corporation, a California
Corporation; George E. Batchelor,
Gregory Harding-Brown, Richard
W. Doust,
Defendants-
Appellees.
 No. 93-15031.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 16, 1994.*
Decided June 24, 1994.
 
 Before: Goodwin, Pregerson, and Rymer, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Walter Demuth ("Demuth") and Hans Diederichs ("Diederichs") appeal the district court's grant of an unopposed Fed.R.Civ.P. 12(b)(6) motion, in their diversity action alleging that defendants improperly deprived them of commissions for their brokerage services pursuant to an aircraft leasing agreement. Demuth and Diederichs also appeal the district court's denial of their motion to alter or amend the judgment, to grant them relief from the judgment, and to file a third amended complaint. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 3
 On March 12, 1992, Appellants Demuth and Diederichs filed a complaint in federal district court against Cirrus Capital Corporation, Pegasus Capital Corporation, George E. Batchelor, Gregory Harding-Brown, and Richard W. Doust [hereinafter "Appellees"]. In their complaint, Demuth and Diederichs alleged that Appellees committed breach of contract and fraud, thereby depriving them of commissions earned for their brokerage services pursuant to an aircraft leasing agreement. (ER 1:5). On April 29th, Appellees filed a motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"), for failure to state a claim upon which relief can be granted. (ER 8:4).
 
 
 4
 On May 6, 1992, the district court held a conference call between Thomas F. Stimson ("Stimson"), counsel for Demuth and Diederichs, and Leroy F. Vadney ("Vadney"), counsel for Appellees. The district court told Stimson to file an amended complaint pursuant to Fed.R.Civ.P. 15(a) ("Rule 15(a)"), as opposed to filing an opposition brief to Appellees' motion to dismiss. The court also set a briefing schedule and a June 6th hearing date, to rule on Appellees' motion to dismiss. On May 15th, in accordance with the court order, Demuth and Diederichs filed a first amended complaint. (ER 5:2).
 
 
 5
 After the first amended complaint was filed, Appellees' counsel Vadney indicated that it was insufficient and arranged a conference call with the court clerk and Stimson. The parties agreed to a new briefing schedule and a July 10th hearing date. Their agreement became a court order, filed on May 26th. In conformance with this order, Demuth and Diederichs timely filed a second amended complaint on May 27th.
 
 
 6
 On June 17, 1992, the parties and the court again agreed to postpone the hearing date on Appellees' motion to dismiss until August 21st. They set a new briefing schedule that required Appellees to respond to the second amended complaint by July 6th. (ER 4:3). On July 6th, Appellees renewed their Rule 12(b)(6) motion. The new briefing schedule required Demuth and Diederichs to reply to Appellees' response, with an opposition brief, by July 13th. See id. Demuth and Diederichs, however, did not file a timely opposition brief to Appellees' motion. Instead of replying by July 13th as required, Demuth and Diederichs filed a third amended complaint on July 14th (one day late). Demuth and Diederichs never obtained either leave of the court or written consent from Appellees, as required by Rule 15(a), to file a third amended complaint.
 
 
 7
 In response to the filing of a third amended complaint, Appellees contacted both the court clerk and Stimson. Appellees wrote a letter dated July 16, 1992, to the clerk questioning the appropriateness of Demuth's and Diederich's filing of an amended complaint instead of an opposition brief. (ER 4:4). The clerk called Stimson several times to ask why he had filed a third amended complaint, but was never able to reach him. Appellees' counsel Vadney then called Stimson to object to the filed complaint. When Vadney asked, Stimson said that he had received a copy of the July 16th letter from Vadney to the clerk. (ER 3:7). Stimson never himself called the court to explain why he thought it was appropriate for Demuth and Diederichs to file the third amended complaint.
 
 
 8
 On August 20, 1992, the district court contacted the parties to inform them that it was planning to dismiss the second amended complaint with prejudice. The court canceled the scheduled August 21st hearing. On August 26th, Stimson hand-delivered a letter to the court asking for an opportunity to submit a brief in opposition to Appellees' motion to dismiss, even though the court had given him the opportunity to submit an opposition brief by July 13th. The letter also requested that if the court was still inclined to dismiss the second amended complaint, that it dismiss the complaint without prejudice. (Supp. ER 2: Exhibit C, p. 2).
 
 
 9
 The district court granted Appellees' motion to dismiss with prejudice under Rule 12(b)(6). Citing Local Rule 220-3 (requiring that an opposition shall be filed within fourteen days before a noticed hearing), the court stated: "No timely opposition having been filed, the court must deem the matter unopposed and submitted on the papers.... The court hereby GRANTS defendants' motion to dismiss with prejudice pursuant to Fed.R.Civ.P. 12(b)(6)...." (ER 2:2).
 
 
 10
 On September 3, 1992, Appellees sent a letter to the court requesting it to amend the judgment to reflect that Demuth's and Diederich's reply, the third amended complaint, was untimely not because it violated Local Rule 220-3, but because it violated the July 13th stipulated filing date.
 
 
 11
 On September 10, 1992, Demuth and Diederichs served Appellees with a copy of their motion, asserting that: (1) the court should vacate the judgment under Fed.R.Civ.P. 59(e) ("Rule 59(e)") to satisfy the federal policy favoring dispositions on the merits; or (2) the court should grant them relief under Fed.R.Civ.P. 60(b) ("Rule 60(b)") on the grounds of inadvertence, mistake, excusable neglect, and to prevent manifest injustice; and (3) the court should grant them leave to amend the second amended complaint under Rule 15(a).
 
 
 12
 On November 18, 1992, the district court denied Demuth's and Diederichs's motion and granted Appellees' request to amend the judgment "to reflect that the plaintiffs violated the stipulated briefing schedule when they failed to file a timely opposition." (ER 5:12). Demuth and Diederichs appeal.[1]
 
 ANALYSIS
 1. Denial of Rule 59(e)/Rule 60(b) Motion
 
 13
 Demuth and Diederichs filed a single motion that requested that the court alter or amend the judgment pursuant to Rule 59(e) or grant them relief from the judgment pursuant to Rule 60(b). The district court treated the motion as only a Rule 59(e) motion, citing Fifth Circuit authority that requires courts to treat a motion as a Rule 59(e) motion whenever possible, i.e., whenever it is "served no later than ten days after entry of the judgment." Fed.R.Civ.P. 59(e).[2]
 
 
 14
 However, in our Circuit, if a motion is filed within ten days of judgment, a court may treat the motion as a Rule 59(e) motion, but is not required to do so. Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.), cert. denied, 493 U.S. 868 (1989). Because the motion may be construed as a Rule 60(b) motion and because both parties address whether the district court erred in denying Demuth's and Diederichs's Rule 60(b) motion, we will analyze their motion as if it were both a Rule 59(e) motion and a Rule 60(b) motion.
 
 A. Rule 59(e)
 
 15
 Demuth and Diederichs challenge the district court's denial of their Rule 59(e) motion "to alter or amend the judgment[,]" Fed.R.Civ.P. 59(e). We review a district court's denial of a Rule 59(e) motion for abuse of discretion. Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991).
 
 
 16
 Demuth and Diederichs contend that the district court abused its discretion by denying their motion in light of their pattern of due diligence in pre-trial motions; the normal difficulties of pleading with particularity at the onset of litigation; the responsiveness, in fact, if not in law, of Demuth's and Diederichs's filing a third amended complaint; and Vadney's failure to object to the third amended complaint.
 
 
 17
 The district court rejected their arguments after considering the reasons for Demuth's and Diederichs's default and the likelihood of unfair prejudice to Appellees if the case was reopened. As Appellees point out, Demuth and Diederichs violated a court order by filing an amended complaint instead of a timely opposition brief. In addition, the court clerk on several occasions tried to call Stimson to ask why no opposition was filed, but Stimson never returned those phone calls to explain the default. Furthermore, Demuth and Diederichs filed a third amended complaint because Stimson believed that the court encouraged amended complaints instead of conventional opposition briefs. As the district court stated:
 
 
 18
 Considering that plaintiffs' counsel has no experience with this court, this is a 'belief' with no foundation. Simply because this court previously allowed plaintiffs to amend their complaint, it does not follow that the court allows parties to give themselves leave to amend. It is the court's, not the plaintiffs', job to decide when leave shall be granted.
 
 
 19
 (ER 5:9-10) (emphasis added). Finally, Vadney objected to the third amended complaint by sending a letter to the court clerk and a copy to Stimson, and by calling Stimson. If Stimson was in fact unaware of Vadney's objection, as he claims, it was because he never returned the clerk's calls, read a copy of Vadney's letter, or listened to Vadney during their telephone conversation. (See ER 5:10).
 
 
 20
 In light of these events, the district court did not abuse its discretion by refusing to alter or amend the judgment. We are not left with "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of the relevant factors." United States v. Plainbull, 957 F.2d 724, 725 (9th Cir.1992).
 
 B. Rule 60(b)
 
 21
 Demuth and Diederichs challenge the district court's denial of their Rule 60(b) motion. Under Rule 60(b), "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(1), (6). We review a district court's denial of a Rule 60(b) motion for abuse of discretion. Northern Alaska Envtl. Ctr. v. Lujan, 961 F.2d 886, 889 (9th Cir.1992).
 
 
 22
 Demuth and Diederichs contend that the district court abused its discretion because filing an amended complaint under these circumstances falls within the areas of mistake and excusable neglect under Rule 60(b)(1). For evidence of mistake and excusable neglect, Demuth and Diederichs rely on Stimson's statement that he amended the second complaint because he thought he was "following the wishes and preference of the judge to whom the case was assigned." (See ER 3:6). Demuth and Diederichs also rely on the principle that a "Rule 60(b) motion is remedial in nature and therefore must be liberally applied," Schwab v. Bullock's, Inc., 508 F.2d 353, 355-56 (9th Cir.1974).
 
 
 23
 We disagree. The district court did not abuse its discretion in denying the motion. See Savarese v. Edrick Transfer & Storage, Inc., 513 F.2d 140, (9th Cir.1975) (affirming denial of a Rule 60(b) motion where plaintiff's attorneys failed to file an answer because they did not understand the removal process). Stimson chose to file a third amended complaint because he thought the complaint was an appropriate response to the district court's June 17th order. Despite Stimson's belief, the district court was not required to treat the default as a mistake or excusable neglect within the meaning of Rule 60(b). See id. at 147 ("We see no reason for the federal courts to excuse such professional neglect...."). Furthermore, unlike the attorneys in Savarese who ignored only a procedural rule, Stimson violated both a procedural rule and a court's direct order.
 
 
 24
 Demuth and Diederichs also argue that the court should have granted them relief from judgment for "any other reason justifying relief," Fed.R.Civ.P. 60(b)(6). A motion for "Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." United States v. Alpine Land & Reservoir, Co., 984 F.2d 1047, 1049 (9th Cir.) (emphasis added), cert. denied, 114 S.Ct. 60 (1993). We find no abuse of discretion by the district court in denying Demuth's and Diederichs's Rule 60(b) motion.
 
 
 25
 In Schanen v. United States Dep't of Justice, 798 F.2d 348 (9th Cir.1986), the government moved under Rule 60(b)(6) to set aside the district court's summary judgment in favor of the plaintiff after the government had not responded to plaintiff's motion for summary judgment as required. The court stated that "[i]f the government attorneys had defended this action diligently, much controversy and expense could have been avoided." Id. at 350. Like the government's attorneys in Schanen, Stimson easily could have acted diligently and filed an opposition to Appellees' motion to dismiss as required, but he instead chose to file a third amended complaint. Stimson should have called either the court clerk or Stimson to find out if a third amended complaint was an appropriate reply. At a minimum, he should have made some effort to correct or justify his default after being alerted to the problem. The circumstances that caused Stimson to suffer an adverse judgment were well within his control. Cf. Alpine Land & Reservoir, Co., 984 F.2d at 1049-50 (reversing grant of Rule 60(b)(6) motion where plaintiff failed to read a decree to understand its adverse impact).
 
 
 26
 Accordingly, the district court did not abuse its discretion in denying Demuth's and Diederichs's Rule 60(b) motion on the basis of either subsections (1) or (6).
 
 2. Denial of Rule 15(a) Motion
 
 27
 Demuth and Diederichs filed a Rule 15(a) motion to amend their second amended complaint after the court had dismissed the second amended complaint with prejudice. Under Rule 15(a), a party may amend a complaint after a responsive pleading has been served only if the party obtains the court's permission or receives written consent from the adverse party. Fed.R.Civ.P. 15(a). Furthermore, "[w]here a final judgment is entered following dismissal of an action, the plaintiff['s] ... amendment could be made only by leave of the court." Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir.1987). We review a district court's denial of a Rule 15(a) motion for abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991).
 
 
 28
 A district court has "broad discretion to ... deny leave to amend, particularly where the court has already given a plaintiff one or more opportunities to amend his complaint...." Mir v. Fosburg, 646 F.2d 342, 347 (9th Cir.1980). The district court granted Demuth and Diederichs two chances to amend their original complaint. Based on Stimson's actions and the fact that Demuth and Diederichs had their "day in court," we cannot say that the district court abused its broad discretion in denying their Rule 15(a) motion.
 
 
 29
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As briefed, this appeal concerns only procedural issues. Neither Demuth and Diederichs nor Appellees, or even the district court, discuss whether Demuth and Diederichs stated a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6)
 
 
 [2]
 The district court entered the dismissal order on August 26, 1992, and Demuth and Diederichs served Appellees with a copy of their motion on September 10, 1992, fifteen days after the entry of judgment. However, under Fed.R.Civ.P. 6(a), the motion was served within ten days after entry of judgment because the fifteen days included four weekend days and a legal holiday