34 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric Haywood WEINSTEIN, Plaintiff-Appellant,
v.
Samuel LEWIS, et al., Defendants-Appellees.
Eric Haywood WEINSTEIN, Plaintiff-Appellant,
v.
Samuel A. LEWIS, et al., Defendants-Appellees.
 Nos. 94-15051, 94-15065.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 12, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric Haywood Weinstein, an Arizona state prisoner, appeals pro se the district court's order denying his consolidated motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b) in his 42 U.S.C. Sec. 1983 actions.[1] We review for an abuse of discretion, Yniques v. Cabral, 985 F.2d 1031, 1034 (9th Cir.1993), and affirm.
 
 
 3
 A district court may grant a motion for relief from judgment if the moving party can show: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Fed.R.Civ.P. 60(b); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). The moving party bears the burden of proving the existence of a justification for Rule 60(b) relief. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir.1988). The moving party's factual allegations are to be accepted as true; however, mere legal conclusions, general denials, or simple assertions are insufficient to justify upsetting the underlying judgment. Id. at 1415-16; see Schanen v. United States Dep't of Justice, 762 F.2d 805, 808 (9th Cir.1985), reaff'd as modified by 798 F.2d 348 (9th Cir.1985) (mere conclusory allegations insufficient to demonstrate excusable neglect).
 
 
 4
 In determining whether the moving party has shown excusable neglect under Rule 60(b)(1), the district court should liberally construe the motion in favor of deciding cases on the merits. Schanen, 762 F.2d at 807; Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir.1983). On the other hand, there is a compelling interest in the finality of judgments. Schanen, 762 F.2d at 807. Once the time for appeal has passed, the interest in finality must be given greater weight. Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir.1981) (per curiam).
 
 The Kosher Diet Case
 
 5
 Weinstein contends that the district court abused its discretion in denying his motion for relief from judgment in the kosher diet case because he has shown excusable neglect. This contention lacks merit.
 
 
 6
 Weinstein filed his complaint in the kosher diet case on March 22, 1991. On June 9, 1992, Weinstein notified the court that he had been released from prison and provided the court with his new address.
 
 
 7
 On November 23, 1992, the defendants filed a motion to compel discovery on the grounds that Weinstein had failed to appear for his noticed deposition or respond to written discovery requests. The district court granted the defendants' motion on December 17, 1992. When Weinstein failed to comply with the court's order, the defendants filed a motion to dismiss on January 28, 1993. The district court granted the defendants' motion and entered judgment on February 3, 1993.
 
 
 8
 On November 18, 1993, Weinstein filed a consolidated motion for relief from judgment in both of his civil rights cases. Weinstein claimed that he had not received any documents from either the court or the defendants since June 12, 1992. Thus, Weinstein argued that he was entitled to relief from judgment on the grounds of excusable neglect.
 
 
 9
 The district court did not abuse its discretion in denying Weinstein's motion for relief from judgment in the kosher diet case. Weinstein filed his Rule 60(b) motion several months after the time for appeal had passed. See Fed.R.App.P. 4(a)(1). Thus, the interest in the finality of the judgment is entitled to greater weight. See Schanen, 762 F.2d at 807; Ashford, 657 F.2d at 1055.
 
 
 10
 Furthermore, Weinstein has not met his burden of proving that his failure to respond to the discovery requests, the motion to dismiss, or the court's orders constituted excusable neglect. See Cassidy, 856 F.2d at 1415. Both the defendants and the court served Weinstein with copies of the pleadings at his last known address of record. Although Weinstein contends that he mailed another change of address to the court on July 7, 1992, he has not provided sufficient evidence to support these conclusory allegations. See id.; In re Hammer, 940 F.2d 524, 526 (9th Cir.1991) (movant's failure to provide court with new address constitutes culpable conduct which justifies denial of Rule 60(b) motion).
 
 
 11
 In addition, Weinstein contends that he sent a letter of inquiry to the district court on April 24, 1993 but received no response. Assuming the truth of this allegation, Weinstein still allowed his case to remain dormant for ten months from June 1992 until April 1993.[2] Accordingly, the district court did not abuse its discretion in denying Weinstein's motion for relief from judgment in the kosher diet case. See Fed.R.Civ.P. 60(b)(1); Schanen, 762 F.2d at 807-08.
 
 The Assault Case
 
 12
 Weinstein contends that the district court abused its discretion in denying his motion for relief from judgment in the assault case because he has shown excusable neglect. This contention lacks merit.
 
 
 13
 Weinstein filed his original complaint in the assault case on February 7, 1991. On January 16, 1992, the defendants filed a motion for summary judgment. On June 9, 1992, Weinstein notified the court that he had been released from prison and provided his new address. On July 30, 1992, Saji Vettiyil filed an appearance as Weinstein's attorney, and requested an extension of time to respond to the summary judgment motion. On August 12, 1992, the court granted the request for an extension of time until August 31, 1992.
 
 
 14
 On August 31, 1992, Mr. Vettiyil filed a motion to withdraw as Weinstein's attorney. Attached to the motion was a letter to Weinstein advising him of the motion and the status of the case. In addition, Mr. Vettiyil filed an affidavit, which was filed under seal. On October 8, 1992, the court granted Mr. Vettiyil's motion to withdraw and ordered Weinstein to respond to the defendants' motion for summary judgment in thirty days. On November 17, 1992, the court granted the defendants' motion for summary judgment.
 
 
 15
 On November 18, 1993, Weinstein filed a consolidated motion for relief from judgment in both of his civil rights cases. Weinstein claimed that he had not received any documents from the court, the defendants, or his attorney since August 1992. In addition, Weinstein argued that he had attempted to contact his attorney by telephone on numerous occasions without success. Thus, Weinstein argued that he was entitled to relief from judgment on the grounds of excusable neglect under Fed.R.Civ.P. 60(b)(1).
 
 
 16
 The district court did not abuse its discretion in denying Weinstein's motion due to a lack of excusable neglect. See Fed.R.Civ.P. 60(b)(1); Schanen, 762 F.2d at 807-08. Weinstein raises the same arguments in the assault case that he raised in the kosher diet case. Furthermore, Weinstein filed his Rule 60(b) motion almost one year after the entry of judgment in the assault case. Thus, the time for appeal had clearly passed and the interest in the finality of the judgment is entitled to greater weight. See Schanen, 762 F.2d at 807; Ashford, 657 F.2d at 1055; see also Ackermann v. United States, 340 U.S. 193 (1950) (explaining that Rule 60(b)(1) motion must be denied as untimely if made more than one year after entry of judgment).
 
 
 17
 In addition, Weinstein alleges that he is entitled to relief from the judgment because of the conduct of his attorney Saji Vettiyil. Weinstein contends that Mr. Vettiyil agreed to represent him during the third week of July 1992 on the condition that Weinstein "stay away" from the case. Weinstein also alleges that he attempted to contact Mr. Vettiyil from August 1992 until November 1993 without success. Weinstein contends that the only contact he had with Mr. Vettiyil was in December 1992 when he received documents from the assault case back from Mr. Vettiyil without any explanation.
 
 
 18
 Although Weinstein alleges that his failure to respond to motions or orders was due to Mr. Vettiyil's misconduct, Weinstein has failed to provide facts to support these conclusory allegations other than his own self-serving statements. See Cassidy, 856 F.2d at 1416 (naked conclusory allegation insufficient to warrant relief from judgment). Moreover, Weinstein has failed to show that either Mr. Vettiyil or the court knew of a different address for Weinstein. Weinstein has failed to establish excusable neglect under Rule 60(b)(1), since copies of all pleadings were served on Weinstein at his last known address of record.[3] Accordingly, the district court did not abuse its discretion in denying Weinstein's motion for relief from judgment in the assault case. See Fed.R.Civ.P. 60(b)(1); Schanen, 762 F.2d at 807-08.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, these two cases have been consolidated and assigned to the same merits panel. In Case No. 94-15051 (District Court Case No. 91-73), Weinstein alleged that the defendants failed to protect Weinstein from an assault by another inmate ("the assault case"). In Case No. 94-15065 (District Court Case No. 91-145) Weinstein alleged that the defendants refused to provide him with a kosher diet or allow him to send Hanukkah cards ("the kosher diet case")
 
 
 [2]
 Although Weinstein contends that an attorney, Saji Vettiyil, agreed to represent him in this case as well as the assault case, Vettiyil never appeared in the kosher diet case. Thus, Weinstein's arguments concerning Vettiyil's representation do not assist him in showing excusable neglect in the kosher diet case
 
 
 [3]
 Weinstein's contention that the district court erred in granting Mr. Vettiyil's motion to withdraw, also lacks merit, since Mr. Vettiyil served the motion at Weinstein's last known address. See Fed.R.Civ.P. 5(b)