103 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Carlos A. NEGRETE; Patricia L. Negrete, d/b/a Hazel
Ridge Bicycle Center, Debtors.
Bruce B. ALEXANDER, Appellant,
v.
Richard E. BLEAU; United States Trustee, Appellees.
 No. 95-16235.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1996.*
Decided Dec. 09, 1996.
 
 Before: WOOD, JR.,** SCHROEDER and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Appellant Bruce B. Alexander ("Alexander") filed a Chapter 11 bankruptcy petition on behalf of Carlos A. Negrete and Patricia L. Negrete d/b/a Hazel Ridge Bicycle Center ("the debtors"). The bankruptcy court later converted the Chapter 11 petition to a Chapter 7 petition and appointed a trustee. The trustee never requested that Alexander be approved as an attorney for the estate or requested Alexander's services, but Alexander continued to perform legal services for the debtors after the court converted the petition.
 
 
 3
 Alexander filed a Motion for Interim Compensation ("compensation motion") which the bankruptcy court denied in part because it found that Alexander had performed unnecessary services, failed to describe the services in sufficient detail and lumped services together. About three months later, Alexander filed a Motion for Reconsideration of Order Denying Interim Compensation. The bankruptcy court denied this motion finding no reason to justify reconsideration. Alexander appealed to the Bankruptcy Appellate Panel ("BAP"), and the BAP affirmed. Alexander now appeals to this Court. We likewise affirm.
 
 
 4
 Because we are in as good a position as the BAP to examine the decision of the bankruptcy court, we independently review the bankruptcy court's rulings. Dominguez v. Miller (In re Dominguez), 51 F.3d 1502, 1506 (9th Cir.1995) (quoting Allred v. Kennerley (In re Kennerley), 995 F.2d 145, 146 (9th Cir.1993)).
 
 
 5
 Alexander moved for reconsideration under Bankruptcy Rule 9024 which provides that Federal Rule of Civil Procedure 60(b) will apply to bankruptcy actions. Fed.R.Bankr.P. 9024. Therefore, we will review the action as an order denying relief under Rule 60(b). We review a district court order denying a motion for reconsideration under Rule 60(b) for abuse of discretion and will reverse such an order "only upon a clear showing of abuse of discretion." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (citations and emphasis omitted). Moreover, when a Rule 60(b) motion is brought more than ten days after entry of judgment, an appeal from an order denying the Rule 60(b) motion raises only the merits of the order denying reconsideration and does not raise the merits of the underlying judgment or order. Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir.1995); Molloy, 878 F.2d at 315.
 
 
 6
 Rule 60 allows a party to seek relief from any judgment, order or decree within a reasonable time after the court enters the disputed order for any of six specifically enumerated grounds. Fed.R.Civ.P. 60(b). The moving party bears the burden of establishing that he is entitled to relief under one of these grounds. In re Martinelli, 96 B.R. 1011, 1013 (B.A.P. 9th Cir.1988).
 
 
 7
 In his motion for reconsideration, Alexander failed to specify under which of these six grounds he sought relief; however, on appeal to the BAP Alexander clearly stated that he relied on Rule 60(b)(6)--the "catch-all" provision of the Rule. Therefore, we will construe Alexander's motion as arising under Rule 60(b)(6).
 
 
 8
 Rule 60(b)(6) provides that a court may relieve a party from a final judgment, order or decree for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). Courts use Rule 60(b)(6) relief sparingly "as an equitable remedy to prevent manifest injustice" and grant relief "only where extraordinary circumstances prevent [ ] a party from taking timely action to prevent or correct an erroneous judgment." United States v. Alpine Land & Reservoir, Co., 984 F.2d 1047, 1049 (9th Cir.1993); see Ackermann v. United States, 340 U.S. 193, 200-02 (1950); Klapprott v. United States, 335 U.S. 601, 613-14 (1949). Accordingly, to obtain relief under Rule 60(b)(6), a moving party must show that he suffered an injury as a result of the judgment from which he seeks relief and that circumstances beyond his control prevented him from taking timely action to protect his interests. Alpine Land & Reservoir, 984 F.2d at 1049.
 
 
 9
 Here, rather than appealing from the order denying his compensation motion, Alexander filed a motion for reconsideration three months after the court entered its order denying him compensation and more than 2 1/2 months after the time for appeal from that order had expired. Yet, Alexander has not suggested what extraordinary circumstances beyond his control prevented him from timely appealing the court's underlying order denying his compensation motion. Instead, Alexander's motion for reconsideration merely reiterates arguments on which the bankruptcy court ruled in its order denying Alexander's compensation motion. For example, the memorandum of points and authorities that Alexander submitted with the motion for reconsideration is almost identical to the memorandum of points and authorities submitted in support of his second motion for compensation. The motion for reconsideration also states that "this motion seeks reconsideration upon a showing herein of greater detail and specificity as to the time worked and as to the nature, necessity, and benefit of the services." Similarly, in his brief to the BAP he states that he submitted the motion for reconsideration to "cure the previously stated technical and substantive defects and to correct the Court's misunderstanding of the facts." However, a district court may properly deny a Rule 60(b)(6) motion which merely reiterates arguments which the moving party has already presented to the trial court. Maraziti, 52 F.3d at 255. Therefore, the bankruptcy court did not abuse its discretion by denying Alexander's motion for reconsideration.
 
 
 10
 The only new information contained in Alexander's motion for reconsideration consists of more specific factual detail about the services for which he seeks compensation, such as affidavits from local attorneys attesting to the reasonableness of Alexander's hourly rate and a more specific time diary. However, nothing in the record suggests that this information was not available to Alexander either at the time that Alexander filed the compensation motion or before the time for appeal from the order denying that motion had expired. Information which a party could have put forth prior to the underlying judgment but chose not to raise does not warrant relief under Rule 60(b)(6). See Schanen v. United States Dep't of Justice, 762 F.2d 805, 807-08 (9th Cir.1985), reaff'd as modified, 798 F.2d 348 (9th Cir.1986) (new arguments which a party could have raised prior to entry of the underlying judgment do not warrant relief under Rule 60(b)(6)).
 
 
 11
 Finally, in his motion for rehearing to the BAP, Alexander also suggests that he did not appeal from the underlying bankruptcy court order only because "[a] reversal on appeal from that order was inconceivable." However, a moving party's tactical decision not to appeal does not constitute extraordinary circumstances sufficient to justify relief under Rule 60(b)(6). Ackermann, 340 U.S. at 202. Therefore, Alexander has failed to establish extraordinary circumstances sufficient to justify relief from the bankruptcy court's order under Rule 60(b)(6). The bankruptcy court, therefore, did not abuse its discretion in denying his motion for reconsideration. Maraziti, 52 F.3d at 255.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3