**Edward A. ASHFORD, Plaintiff-Appellant,**

v.

**Charles STEUART, Don Erby, Ray Beaman, Steve Stedfelt, and Maynard Ross, Defendants-Appellees.**

No. 80–3033.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 1981.

Decided Sept. 28, 1981.

Edward A. Ashford, in pro. per.

Robert R. Gates, Boise, Idaho, for defendants-appellees.

Before BROWNING, Chief Judge, and PREGERSON and BOOCHEVER, Circuit Judges.

PER CURIAM:

Plaintiff failed to file a notice of appeal within thirty days of the order denying leave to file his complaint in forma pauperis. We therefore have no jurisdiction to consider the merits of that ruling. Fed.R.App.P. 4(a). However, we do have jurisdiction to consider the denial of plaintiff's motion for reconsideration under Fed. R.Civ.P. 60(b) since plaintiff's motion for leave to appeal in forma pauperis was filed within thirty days after denial of this motion and was sufficient evidence of plaintiff's intent to appeal. *See Noa v. Key Futures, Inc.,* 638 F.2d 77, 78 (9th Cir. 1980); *Tillman v. United States,* 268 F.2d 422, 423–24 (5th Cir. 1959).

The district court denied plaintiff leave to file his complaint because he had improperly named the warden as defendant and had not alleged facts sufficient to satisfy Fed.R.Civ.P. 8(a). In his Rule 60(b) motion, filed more than 30 days after the order

denying leave to file, plaintiff sought to dismiss his complaint with respect to the warden and to re-argue the sufficiency of his complaint.

Construing the motion to reconsider as a request for relief from a judicial "mistake" under 60(b)(1), the motion was untimely. According to the rule, such motions must be brought within a "reasonable time" and in any event not longer than one year after the judgment was entered. What constitutes "reasonable time" depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties. *See Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930–31 (5th Cir. 1976); *Security Mutual Casualty Co. v. Century Casualty Co.*, 621 F.2d 1062, 1067–68 (10th Cir. 1980). Because the time for appeal had passed in this case, the interest in finality must be given great weight. No reason is suggested for the failure to timely challenge the ruling by direct appeal or 60(b) motion. Nothing impeded appellant's awareness of the court's ruling and of all the relevant facts and law.

Denial of the motion was also proper if the motion is construed as a request for relief for "any other reason justifying relief from the operation of the judgment" under Rule 60(b)(6). Relief under section 60(b)(6) is reserved for "extraordinary circumstances." None were alleged. *See Corex Corp. v. United States*, 638 F.2d 119 at 121 (9th Cir. 1981).

AFFIRMED.