856 F.2d 192
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 AFSCME COUNCIL 25, LOCAL 3161, Plaintiffs-Appellees,
v.
MAINTENANCE CENTRAL FOR SENIORS, Defendant-Appellant.
 
 No. 87-1768.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1988.
 Before MILBURN and BOGGS, Circuit Judges and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Maintenance Central for Seniors (M.C.S.) appeals from the district court's July 16, 1987 memorandum and order denying its motion to set aside a default judgment entered on July 1, 1986. For the following reasons, we affirm the district court's judgment.
 
 I.
 
 2
 In October of 1983, appellant M.C.S. suspended and subsequently discharged Oris Floyd from employment. Pursuant to the terms of a collective bargaining agreement, appellee American Federation of State, County and Municipal Employees, Michigan Council 25, and its Affiliated Local 3161 (the union) filed a grievance against M.C.S. Following a hearing, an arbitrator issued an award on October 22, 1984, which among other things ordered an award of back pay to Floyd.
 
 
 3
 On April 4, 1985, the union filed the complaint in the instant case to enforce the arbitration award. The proof of service on file reveals that M.C.S. was served with process on April 8, 1985. However, appellant failed to answer or otherwise defend this case. Appellee requested and received an entry of default on June 18, 1985. Subsequently, on June 26, 1985 proof of service regarding the default was filed. The district court entered an order of judgment confirming the arbitration award on July 1, 1986.
 
 
 4
 Attorney Eleanor Cattron Smith appeared on behalf of M.C.S. on July 28, 1986. On May 14, 1987, after the union had filed an affidavit and writ of garnishment, appellant filed a motion to set aside the default judgment. The district court denied this motion in a memorandum and order filed July 16, 1987, on the ground that the motion was not filed within a reasonable time of the entry of judgment.
 
 
 5
 M.C.S. filed this timely appeal. This court must determine whether the district court abused its discretion in denying appellant's motion to set aside a default judgment.
 
 II.
 
 6
 Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Federal Rule of Civil Procedure 60(b) lists the following reasons for setting aside a default judgment:
 
 
 7
 (1) mistake, inadvertance, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
 
 
 8
 Thus, " '[a] default can be set aside under Rule 55(c) for "good cause shown," but a default that has become final as a judgment can be set aside only under the stricter Rule 60(b) standards for setting aside final, appealable orders.' " INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 398 (6th Cir.1987) (quoting Jackson v. Beech, 636 F.2d 831, 835 (D.C.Cir.1980)) (emphasis in original), cert. denied, 108 S.Ct. 291 (1987). Since the instant case involves an appeal from the denial of a motion to set aside a default judgment, Rule 60(b)'s stricter standards apply.
 
 
 9
 Rule 60(b) requires that a motion for relief from judgment be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken. What constitutes a reasonable time depends on the facts of each case. 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2866 p. 228 (1973). Courts have considered " 'the interest in finality, the reason for delay, the practical ability to learn earlier of the grounds relied upon, and prejudice to other parties[,]' " Planet Corp. v. Sullivan, 702 F.2d 123, 126 (7th Cir.1983) (quoting Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir.1981)), in determining the timeliness of Rule 60(b) motions. Cf. INVST, 815 F.2d at 398 (setting forth the following three factors which determine the outcome of a motion to vacate a default judgment generally: (1) the prejudice to the plaintiff; (2) the merits of the defense; and (3) the culpability of the conduct of the defendant leading to the default).
 
 
 10
 This court will not disturb Rule 60(b) determinations unless the district court has abused its discretion. Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir.1980). Because trials on the merits are favored in federal courts, however, a "glaring abuse" of discretion is not required for reversal of the district court's denial of a motion for relief from default judgment. INVST, 815 F.2d at 397-98.
 
 
 11
 In the instant case, the interest in finality weighs heavily since the time for appeal has long passed. Ashford, 657 F.2d at 1055. Appellant's purported reason for delay in filing its Rule 60(b) motion, i.e., that it believed that appellee had abandoned this case in favor of another action filed against appellant, is unpersuasive. Furthermore, appellant easily could have learned that its belief that appellee had abandoned this case was unfounded much earlier than the eve of garnishment. To require further proceedings at this late date would be unduly prejudicial to appellee who has already relied on the default judgment by attempting to execute judgment in this case. For these reasons, the district court did not abuse its discretion in denying appellant's motion to set aside a default judgment entered July 1, 1986.
 
 
 12
 The district court's judgment is AFFIRMED.