**TEKTRONIX, INC., Plaintiff,**

v.

**CONDE SYSTEMS, INC., Defendant.**

**Civ. No. 92–471–FR.**

United States District Court,
D. Oregon.

July 23, 1993.

Anton U. Pardini, Stoel Rives Boley Jones & Grey, Portland, OR, for plaintiff.

Mark C. Rutzick, Preston Thorgrimson Shidler Gates & Ellis, Portland, OR, Sheldon H. Klein, Michael R. Dzwonczyk, Cushman, Darby & Cushman, Washington, DC, for defendant.

## OPINION

FRYE, District Judge:

The matters before the court are:

1) the motion of defendant, Conde Systems, Inc. (Conde), for clarification and modification of judgment (# 40);

2) the motion of Tektronix for an order permitting discovery and setting an evidentiary hearing on Conde's motion to clarify and modify the stipulated judgment entered in this case (# 47);

3) the motion of plaintiff, Tektronix, Inc. (Tektronix), to deny as untimely Conde's motion for clarification and modification of judgment (# 48); and

4) the motion of Tektronix to set over Conde's motion to clarify or modify judgment (# 49).

## BACKGROUND

On April 17, 1992, Tektronix filed this action for trademark infringement, unfair competition, false advertising, dilution, and injunctive relief against Conde. On May 27, 1992, the parties stipulated to the entry of final judgment. The judgment provided, in part, that:

1. Defendant Conde Systems, Inc., together with its agents, servants, employees, and all persons acting in privity, concert, or participation with defendant, is enjoined and restrained from directly or indirectly:

1.1. Using or displaying the name and trademark "TEKTRONIX," or any abbreviation thereof, such as "TEK," in connection with the advertising, distribution, offering for sale and sale of computer printers or supplies for computer printers;

. . . .

1.3. Using or displaying Tektronix, Inc. part numbers or model numbers or names in connection with the advertising, distribution, offering for sale and sale of computer printers or supplies for computer printers;

. . . .

2. Defendant Conde Systems, Inc., together with its agents, servants, employees, and all persons acting in privity, concert, or participation with defendant, is directed to:

. . . .

2.2 To advise all persons inquiring about printer supplies that Conde is not an authorized Tektronix dealer and that it does not sell authorized Tektronix brand parts or supplies. . . .

Judgment, pp. 1–3.

On May 26, 1993, Conde filed a motion pursuant to Fed.R.Civ.P. 60(b) to clarify or modify paragraphs 1.1, 1.3 and 2.2 of the judgment as follows:

1. Paragraph 1.1 should be clarified or modified to establish that Conde may utilize the name "Tektronix" in a non-logo, nonprominent form to advise consumers that its supplies are compatible with Tektronix's computer printers.

2. Paragraph 1.3 should be modified to allow Conde to refer to Tektronix's model designations when asserting that its supplies are compatible with Tektronix's computer printers.

3. Paragraph 2.2 should be clarified or modified to establish that Conde is only required to disclaim any connection with Tektronix if a customer asks

about supplies for *Tektronix* printers (as opposed to other brands).

Conde's Motion for Clarification and Modification of Judgment, pp. 1–2.

### A. *Tektronix's Motion to Deny as Untimely*

■ Conde filed its motion for clarification and modification of judgment 364 days after the judgment was entered. Tektronix contends that the motion should be denied as untimely filed. A motion brought under Rule 60 must be made "within a reasonable time" and "not more than one year after the judgment ... was entered." Fed.R.Civ.P. 60(b). The motion was brought not more than one year after the judgment was entered. Therefore, the issue is whether the motion was made within a "reasonable time." What constitutes "a reasonable time" depends upon the circumstances of each case, taking into consideration the interest in finality, the reasons for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the prejudice to other parties. *Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir.1981). Conde has demonstrated to the court that, due to its financial position, it was unable to secure counsel at an earlier time. The court finds that under the facts and circumstances of this case, Conde has brought its motion within a reasonable time.

### B. *Tektronix's Motion for an Order Permitting Discovery and Setting an Evidentiary Hearing*

Tektronix moves the court to allow discovery and to conduct an evidentiary hearing before ruling on the merits of the motion to clarify and modify the judgment. Conde contends that discovery is not warranted on this motion, and that if discovery is allowed, the request for discovery is over broad. Conde agrees, however, that an evidentiary hearing might be helpful to the court.

Since the court has found that Conde's motion was timely made, the court will conduct an evidentiary hearing to resolve the conflicting factual disputes between the parties. *See Mitchell v. Hobbs,* 951 F.2d 417, 421 (1st Cir.1991). The parties will be permitted to conduct limited, relevant discovery for a period of thirty days prior to an evidentiary hearing.

### CONCLUSION

Conde's motion for clarification and modification of judgment (# 40) is deferred until the court holds an evidentiary hearing on the motion.

Tektronix's motion to deny as untimely Conde's motion for clarification and modification of judgment (# 48) is denied.

Tektronix's motion to set over Conde's motion to clarify or modify (# 49) is granted.

Tektronix's motion for an order permitting discovery and setting an evidentiary hearing on Conde's motion to clarify and modify the stipulated judgment entered in this case (# 47) is granted. Discovery shall be reopened for a period of thirty days. The clerk shall thereafter, upon the specific further request of the parties, set the motion to clarify and modify (# 40) for an evidentiary hearing.

Counsel are reminded that a settlement conference with one of the United States Magistrate Judges may be helpful and cost-saving to the parties.