5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gary GAHN; Danny B. Gahn, Plaintiffs-Appellants,
v.
J. MILLS; F.J. Arroyo; L. Huys; S. Naylor; City of San
Diego; Neo Orendian, Defendants-Appellees.
 No. 92-56316.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Sept. 13, 1993.
 
 Appeal from the United States District Court for the Southern District of California, No. CV-90-00887-JNK; Judith N. Keep, Chief Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Gahn and Danny B. Gahn appeal pro se the district court's denial of their Fed.R.Civ.P. 60(b) motion for relief from judgment in their 42 U.S.C. Sec. 1983 action alleging that their civil rights were violated when City of San Diego police officers entered Gary Gahn's home and conducted an allegedly unlawful search and seizure of the Gahn's property and Gary Gahn's person. The district court denied the Gahn's Rule 60(b) motion on the ground that it was untimely filed. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 We review the denial of a Rule 60(b) motion for abuse of discretion, and we will reverse " 'only upon a clear showing of abuse of discretion.' " Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (quoting Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir.1985)).
 
 
 4
 A Rule 60(b) motion must be made within a "reasonable time," and if the motion is brought under Rule 60(b)(1), (2) or (3), not longer than one year after entry of judgment. Fed.R.Civ.P. 60(b); Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir.1981) (per curiam). "What constitutes 'reasonable time' depends on the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." Ashford, 657 F.2d at 1055.
 
 
 5
 Here, the Gahn's motion based on Rule 60(b)(1) and (6) was filed on April 21, 1992, eleven months after the district court's entry of judgment on May 21, 1991. The motion was based on alleged "judicial oversight" and bias on the part of the district court in its judgment dismissing the Gahn's section 1983 action.
 
 
 6
 The grounds alleged as a basis for their motion were known to the Gahn's immediately following the district court's judgment. See id. Nevertheless, the Gahn's did not timely appeal this judgment. At the hearing held on the Rule 60(b) motion, the Gahn's also failed to offer any explanation for the eleven-month delay in filing the motion. See id. Finally, the Gahns did not demonstrate extraordinary circumstances warranting relief under Rule 60(b)(6). See id; Fed.R.Civ.P. 60(b)(6). Accordingly, the Gahn's Rule 60(b) motion was not made within a reasonable time and the district court did not abuse its discretion by denying the motion on that basis. See Meadows v. Dominican Republic, 817 F.2d 517, 520-21 (9th Cir.) (Rule 60(b) motion may be denied, although filed within one year period, if the party filing the motion is guilty of unreasonable delay), cert. denied, 484 U.S. 976 (1987); Ashford, 657 F.2d at 1055.[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to this court's order filed January 11, 1993, the scope of our review is limited to the district court's denial of the Gahn's Rule 60(b) motion
 
 
 [2]
 Alternatively, the district court denied the Gahn's Rule 60(b) motion on the merits. Because we hold that denial on timeliness grounds was proper, we need not address the court's alternative ground for denial of the motion