33 F.3d 54
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert LESTER, Plaintiff-Appellant,
v.
ZURN INDUSTRIES, INC.; Zurn Constructors; Local 265,
Laborers' International Union of North America;
Laborers' International Union of North
America, Defendants-Appellees.
 No. 93-3464.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1994.
 
 Before: KENNEDY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Robert Lester, a pro se Ohio citizen, appeals a district court order denying his motion for relief from judgment, filed pursuant to Fed.R.Civ.P. 60(b), in this civil action brought under the Fair Labor Standards Act of 1938, 29 U.S.C. Sec. 201, et seq., and the Labor-Management Relations Act, 29 U.S.C. Sec. 185, et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Lester sued Zurn Industries, Inc., and Zurn Constructors, Inc., (collectively referred to as Zurn), as well as Laborers' International Union of North America (Laborers' International), and Laborers' International Union of North America, Local 265 (Local 265), alleging violations *of the Fair Labor Standards Act, as well as breach of a collective bargaining agreement and breach of the duty of fair representation as a result of his termination as a laborer/hod carrier. The district court dismissed Lester's complaint with prejudice and granted summary judgment in favor of the defendants on October 4, 1991.
 
 
 3
 On October 5, 1992, Lester filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(1), (2) and (3). The matter was referred to a magistrate judge who recommended that Lester's motion be denied because it was not filed within a reasonable time as required by Fed.R.Civ.P. 60(b). The district court adopted the magistrate judge's report and recommendation after reviewing the parties' objections.
 
 
 4
 In reviewing the denial of a Rule 60(b) motion, this court is limited to determining whether the district court abused its discretion. See McDowell v. Dynamics Corp. of America, 931 F.2d 380, 383 (6th Cir.1991); Miller v. Owsianowski (In re Salem Mortg. Co.), 791 F.2d 456, 459 (6th Cir.1986). The underlying judgment is not reviewed. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Union Oil Co. v. Service Oil Co., 766 F.2d 224, 227 (6th Cir.1985). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. See Hoffman v. Merrell Dow Pharmaceuticals, Inc. (In re Bendectin Litigation), 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989); Schrand v. Federal Pac. Elec. Co., 851 F.2d 152, 156-57 (6th Cir.1988).
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in denying Lester's Rule 60(b) motion. A Rule 60(b) motion must be made within a "reasonable time," and if the motion is brought under Rule 60(b)(1), (2), or (3), not longer than one year after entry of judgment. Fed.R.Civ.P. 60(b); Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir.1981) (per curiam). "What constitutes 'reasonable time' depends on the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." Ashford, 657 F.2d at 1055.
 
 
 6
 Lester approached the district court with his motion on October 5, 1992, the last day of the one-year period designated in Rule 60(b). He offered no explanation or excuse for the one year delay in filing his motion. None of the grounds asserted by Lester, even if supported by facts, justified his delay in filing his Rule 60(b) motion. In fact, the grounds asserted in the Rule 60(b) motion (i.e., false affidavits submitted by the defendants, the questionable representative status of Local 265, and the alleged corruption of the arbitrator and court reporter in the arbitration proceedings) were available to Lester and could have been raised by him in a motion filed at the time or soon after final judgment was entered. Therefore, the district court did not abuse its discretion when it denied Lester's Rule 60(b) motion.
 
 
 7
 Accordingly, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.