50 F.3d 17
 75 A.F.T.R.2d 95-1501
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alice M. GRANT; Mortimer Leslie Grant, Defendants-Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mortimer Leslie GRANT; Alice M. Grant, Defendants-Appellants.
 Nos. 94-56142, 94-56144.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 9, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this consolidated case, Mortimer and Alice Grant appeal pro se the district court's denial of their Fed.R.Civ.P. 60(b)(1) motions. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The Grants sought to "alter, amend or vacate" the district court's prior contempt orders against them or "to purge respondents of contempt." The district court had found the Grants in contempt for failing to comply with summonses issued by the Internal Revenue Service ("IRS"). The IRS issued the summonses in an effort to obtain records relating to the Grants' federal income tax liability from January 1, 1975, through and including December 31, 1989. The district court concluded that the only provision the Grants could have relied on in bringing their motions was Fed.R.Civ.P. 60(b)(1), but found that the Grants' motions were time-barred because they were filed more than twenty months after issuance of the court's contempt orders.
 
 
 4
 The Grants contend that the district court erred in construing their motions under Rule 60(b)(1) and determining that the motions were time-barred. This contention lacks merit.
 
 
 5
 We review the denial of a Rule 60(b) motion for abuse of discretion. Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). "An appeal from the denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991).
 
 
 6
 The Grants argue that the district court should have construed their motions as being brought under Rule 60(b)(4) and that their motions were timely since they were filed within a "reasonable" time. We disagree. Rule 60(b)(4) allows a court to relieve a party from a final judgment if the judgment is void. A judgment is void for the purposes of Rule 60(b)(4) only if the court that rendered the judgment was without jurisdiction or acted in a manner inconsistent with due process. Owens-Corning Fiberglas Corp., v. Center Wholesale, Inc. (In re Center Wholesale, Inc.), 759 F.2d 1440, 1448 (9th Cir.1985). "A judgment is not void merely because it is erroneous." Id. The Grants fail to show that the district court's orders finding them in civil contempt were void. In fact, this court has already upheld the validity of the district court's contempt orders. United States v. Grant, No. 92-56230, unpublished memorandum decision (9th Cir. Feb. 11, 1994).
 
 
 7
 Because the Grants were partly to blame for the delay in bringing their motions, the district court correctly construed the Grants' motions as being brought under Rule 60(b)(1). See Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd., 113 S.Ct. 1489, 1497 (1993) ("If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable.").
 
 
 8
 Rule 60(b)(1) permits relief from a judgment in circumstances of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). Motions filed under Rule 60(b)(1) must be filed "not more than one year after the judgment, order, or proceeding was entered." See Fed.R.Civ.P. 60(b). Since the Grants' Rule 60(b)(1) motions were filed more than twenty months after the entry of the contempt orders, the district court did not err in denying the motions as time-barred. Fed.R.Civ.P. 60(b); Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir.1981) (per curiam).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, the Grants' request for oral argument, made in their opening brief, is denied. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the Grants' motions were untimely, we need not address the Grants' other arguments addressing the merits of their motions