Kevin SLAPE, Plaintiff—Appellant,

v.

**CITY OF LONG BEACH; K. Klein, individually and as a peace officer # 5637; A. Alu, individually and as a peace officer # 5653, Defendants—Appellees.**

No. 04–55881.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 6, 2006.*

Filed Feb. 21, 2006.

Thomas E. Beck, Esq., Thomas E. Beck & Associates, Los Angeles, CA, for Plaintiff–Appellant.

Belinda Mays, Esq., Office of the City Attorney, City of Long Beach, Long Beach, CA, for Defendants–Appellees.

Before: BEEZER, T.G. `NELSON, and GOULD, Circuit Judges.

MEMORANDUM **

Plaintiff Kevin Slape appeals the district court's denial of his second motion to set aside the district court's order of dismissal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

We only have jurisdiction to review Slape's second motion to set aside the dismissal order. We lack jurisdiction to review the underlying dismissal order and Slape's first motion to set aside that dismissal because Slape did not timely appeal.[1]

The district court was within its discretion[2] when it denied Slape's second motion because Slape and his counsel ignored the court's guidance to resubmit the second motion under Federal Rule of Civil Procedure 60(b). By re-characterizing Slape's first motion as one under Rule 60(b) and citing relevant precedent,[3] the court effec-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Fed. R.App. P. 4(a)(1); *Taylor v. Knapp,* 871 F.2d 803, 805 (9th Cir.1989) (noting that an appeal from a denial of a request for relief from judgment under Federal Rule of Civil Procedure 60(b) brings up for review only that denial and not the underlying judgment).

2. *United States v. Nutri–cology, Inc.,* 982 F.2d 394, 397 (9th Cir.1992) (citing standard of review).

3. The district court specifically cited to both Rule 60(b) and *Ashford v. Steuart,* 657 F.2d 1053 (9th Cir.1981) (per curiam), a case addressing Rule 60(b) motions.

tively instructed Slape on the applicable rule, Rule 60(b), and indicated that the rules under which Slape had filed his first motion, Federal Rule of Civil Procedure 41 and Central District Local Rule 41–3, were not applicable. Thus, when Slape ignored the court's instruction and filed a second motion improperly relying on a local rule, the district court was within its discretion to deny the motion.

**AFFIRMED.**