* This panel unanimously finds this case suitable for decision without oral argument. *See*

---

**In re: PHENYLPROPANOLAMINE (PPA) Products Liability Litigation, MDL Docket No. 1407,**

**Debbie Womack; et al., Plaintiffs—Appellants,**

v.

**Smithkline Beecham Corporation, dba GlaxoSmithKline; et al., Defendants—Appellees.**

No. 04–35933.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2006.*

Filed March 2, 2006.

Fed. R.App. P. 34(a)(2).

Richard A. Freese, Esq., Sweet & Freese, PLLC, Birmingham, AL, for Plaintiffs–Appellants.

William M. Dalehite, Jr., Esq., Steen Dalehite & Pace, Anita K. Modak–Truran, Esq., Butler Snow O'Mara Stevens & Cannada, Luke Dove, Esq., Luther M. Dove, Jr., Esq., Dove & Chill, Frank A. Wood, Jr., Watkins & Eager The Emporium Building, James P. Streetman, III, Esq., Clark Scott & Streetman, Jackson, MS, Norman C. Hile, Esq., Orrick Herrington & Sutcliffe, LLP, Sacramento, CA, Douglas A. Hofmann, Esq., Williams Kastner & Gibbs, PLLC, Seattle, WA, for Defendants–Appellees.

Before: D.W. NELSON, RYMER, and FISHER, Circuit Judges.

### MEMORANDUM **

Debbie Womack, Brenda J. McKinney, and Sandra Beard (collectively, "Womack") appeal from the denial of their motion under Fed.R.Civ.P. 60(b) for relief from the district court's orders in this multidistrict litigation dismissing their actions with prejudice for failure to comply with Case Management Orders (CMO) 15 (August 23, 2003) and 6 (October 24, 2003) on the ground that their failure was the result of excusable neglect. We affirm.

The district court did not abuse its discretion by finding that the Rule 60(b) motions were not filed within a "reasonable time" after the cases were dismissed. *Casey v. Albertson's Inc.*, 362 F.3d 1254 (9th Cir.2004) (stating standard of review). The motion was not filed for nearly a year. Although counsel explained that he had not learned of the dismissals earlier because his secretary didn't tell him, the court's finding that this explanation was not persuasive is not clearly erroneous given 24–hour access to the court's electronic docket. *See Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir.1981) (noting that "[w]hat constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties"). When "the time for appeal ha[s] passed, the interest in finality must be given great weight." *Id.* Here, the time for appeal had passed.

Even if the motion had been brought within a reasonable time, however, the district court acted well within its discretion in denying it. Counsel explains that his firm broke up and his secretary assumed responsibility for preparing information necessary to comply with CMOs 6 and 15, but does not say that he did not know of his obligations to prosecute his clients'

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

claim and to comply with the case management orders. Nothing was done while the *Womack* action was pending in the MDL proceeding. "[P]arties are bound by the actions of their lawyers," and even "alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." *Casey*, 362 F.3d at 1260. Although Womack's counsel could delegate certain tasks to his secretary, *see Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir.2004) (en banc), he was not entitled to abdicate his responsibility for the prosecution of Womack's case.

Womack points out that the district court did not cite *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), but we will not reverse simply because it did not do so. *See Bateman v. U.S.P.S.*, 231 F.3d 1220, 1224 (9th Cir.2000). Here, the district court in effect weighed the *Pioneer* equities as it considered that Womack did not complete fact sheets, engage in any discovery, or otherwise comply with any CMO; the length of delay; the inadequacy of Womack's proffered excuse; the fact that the inactivity should not have gone unnoticed; and counsel's ultimate responsibility for his clients' cases. Although Womack correctly notes that one year, not two years as stated by the district court, passed between the time of transfer and dismissal, we do not believe the additional year (no doubt the year between the dismissals and filing the Rule 60(b) motion) would affect the analysis. In sum, we cannot say that the district court's conclusion was a clear error of judgment, or that its denial of the Rule 60(b) motion was an abuse of discretion. *See Pincay*, 389 F.3d at 858–59.

AFFIRMED.