**SPYKE, INC., a California corporation, Plaintiff—Appellee,**

v.

**ESSEX MOTORSPORTS INTERNATIONAL, INC., Defendant—Appellant.**

No. 05–56515.

United States Court of Appeals, Ninth Circuit.

Submitted June 8, 2007.*

Filed June 21, 2007.

Ivan K. Stevenson, Esq., Law Offices of Ivan K. Stevenson, Rolling Hills Estates, CA, for Plaintiff–Appellee.

Richard M. Wirtz, Esq., Wirtz Hellenkamp, San Diego, CA, for Defendant–Appellant.

Before: HALL and CALLAHAN, Circuit Judges, and REED **, District Judge.

### MEMORANDUM ***

Essex Motorsports International, Inc. ("Essex") appeals the district court's denial of its motion to set aside default judgment under Federal Rules of Civil Procedure 55(c) and 60(b). We affirm. Because the parties are familiar with the facts of the case, we do not recite them here.

The district court did not abuse its discretion in finding that Essex's motion was not filed within a "reasonable time" as required by Rule 60(b). *See Casey v. Albertson's, Inc.,* 362 F.3d 1254, 1257 (9th Cir.2004) ("Motions for relief from judgment pursuant to Rule 60(b) are *addressed* to the sound discretion of the district court and will not be reversed absent an abuse of discretion."). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir. 1981). Here, the time for appeal had passed, so the interest in finality must be given "great weight." *Id.* Essex attributes the one-year delay in seeking relief to its counsel's back pain and sinusitis and counsel's preoccupation with three other significant cases. But it cites no authority here or before the district court demonstrating that this delay is reasonable. *Cf. Casey,* 362 F.3d at 1260 ("[A]lleged attorney malpractice does not usually provide a basis to set aside a judgment.... This is especially the case where a party has waited a year to complain about the failings of her lawyers."). Essex's president and registered agent were served with the default judgment on July 1, 2004, meaning Essex could have learned of its counsel's scheduling error long before it sought relief on July 5, 2005. The personal problems of Essex's counsel do not leave us with "a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *SEC v. Coldicutt,* 258 F.3d 939, 941 (9th Cir.2001).

Because the district court did not abuse its discretion in denying Essex's motion as untimely, we do not address Essex's other arguments.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.