**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTA BRAFMAN, | No. 13-16470 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01627-MCE-GGH |
| v. | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Submitted May 15, 2015 [**]
San Francisco, California

Before: N.R. SMITH and OWENS, Circuit Judges and COLLINS,[***] Chief
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable Raner C. Collins, Chief District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

The underlying facts of this case involve an insurance coverage dispute between Plaintiff-Appellant Roberta Brafman and Defendant-Appellee Nationwide Mutual Insurance Company. The focus on appeal is the district court's dismissal of Brafman's suit after her attorney, Robert Koehler, failed to timely comply with court orders due to serious illness. Brafman appeals from the district court's order denying her Motion to Vacate Judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), (6) as untimely.  For the reasons stated below, we affirm.

"Denials of motions to vacate the judgment under Rule 60(b) are appealable as final orders under 28 U.S.C. § 1291." *Jeff D. v. Kempthorne*, 365 F.3d 844, 850 (9th Cir. 2004).

We review for abuse of discretion a district court's decision to deny a Rule 60(b) motion. *Lal v. California*, 610 F.3d 518, 523 (9th Cir. 2010) (citing *Cal. Dep't of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1031 (9th Cir. 2008)). "A district court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004) (*citing Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000)). The district court did not make clearly erroneous findings of fact in ruling that Brafman's Rule 60(b)(1), (6) motion was

untimely. The district court considered the correct legal framework and did not rely on clearly erroneous facts.

All motions brought under Rule 60(b)(1) must be brought within a "reasonable time," and, in any event, not longer than one year after the judgment was entered. *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). As a general rule "parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." *Casey*, 362 F.3d at 1260; *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 396 (1993) (holding that clients must be held accountable for the acts and omissions of their attorneys).

In the present case, the district court did not abuse its discretion by concluding that Brafman's Rule 60(b)(1) motion was not filed within a reasonable time. The district court entered judgment dismissing Brafman's case on April 23, 2012. Brafman filed her Rule 60(b)(1) motion on April 1, 2013, within the year specified in Rule 60(c)(1). However, the district court concluded that the motion had not within a reasonable time given the specific facts in this case. In finding Brafman's motion untimely, the district court below properly considered that: (1) both Brafman and Koehler were aware of Koehler's illness; (2) Koehler kept Brafman informed of the status of her case; (3) Koehler realized that neither he nor

his law clerk could perform the work required in this case; and (4) Brafman took no action to find another attorney despite suspecting Koehler was not as capable as he presented himself. The district court also emphasized that it (A) allowed Brafman to file an opposition to Nationwide's Second Motion to Dismiss even though she had missed the filing deadline, and (B) granted Brafman multiple continuances before ultimately dismissing the case.  Brafman has provided no authority to suggest that, given the specific facts of this case, the district court abused its discretion. *Cf. Meadows v. Dominican Republic*, 817 F.2d 517, 520-21 (9th Cir. 1987) ("[A Rule 60(b)(1)] motion may be denied, although it was filed within the one year period, if the district court finds that the defendant was guilty of laches or unreasonable delay.").

While there are not set time periods applicable to a Rule 60(b)(6) motion, the motion must also be brought within a reasonable time. *See* Fed. R. Civ.  P. 60(c)(1). For the same reasons outlined above, the district court did not abuse its discretion by concluding that Brafman's Rule 60(b)(6) motion was not brought within a reasonable time.

The parties shall bear their own respective costs on appeal.

**AFFIRMED**.

13-16470