**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIKA YULIANNA GARCIA, | No.    20-55670 |
| Plaintiff-Appellant, | D.C. No.<br>2:17-cv-06380-DSF-AFM |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted July 26, 2021**
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and ROBRENO,*** District
Judge.

Erika Garcia ("Garcia") appeals from the district court's judgment denying

her relief under Federal Rules of Civil Procedure 60(b)(4), 60(b)(6), and 60(d)(3).

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Eduardo C. Robreno, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

For motions to set aside the judgment pursuant to Federal Rule of Civil Procedure 60, we review for abuse of discretion. *United States v. Estate of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011). As the parties are familiar with the facts, we do not recount them here. We affirm.

1. The district court did not err in denying Garcia's Rule 60(b)(4) and 60(b)(6) motion because Garcia failed to file the motion within a "reasonable time." *See* Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009) (citation omitted).

Here, Garcia waited over 20 months after the judgment to file her motion and did not provide a sufficient explanation for the delay. *See Hammer v. Drago*, 940 F.2d 524, 527 (9th Cir. 1991) (holding appellant's two-year delay in objecting to the default judgment was not "within a reasonable time.") Although Garcia claims her counsel did not discover the alleged misrepresentation until receipt of the Order to Show Cause hearing transcript, she fails to explain why she could not have obtained the hearing transcript earlier and why she did not inquire into the statements at the Order to Show Cause hearing, which resulted in an order for her to produce her employment records.

Even assuming a 20-month delay in filing her motion was reasonable, Garcia has not shown that the district court's judgment is void under Rule 60(b)(4) or that there are "extraordinary circumstances" warranting relief under Rule 60(b)(6). *See Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam); Fed. R. Civ. P. 60(b)(4), (6).

Rule 60(b)(4) allows a party to seek relief from a "void" judgment "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Here, the district court's judgment was not "premised" on any purported due process violation committed at the Order to Show Cause hearing. *See id.* Rather, the judgment was based on Garcia's failure to oppose the motion to dismiss. Thus, even if the order compelling documents issued after the hearing is void, the overall judgment is not void.

Rule 60(b)(6) allows a party to seek relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). It is "to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "[R]elief normally will not be

granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." *Id.*

Here, Garcia has not shown that "circumstances beyond [her] control prevented timely action to protect [her] interests." *See id; cf. Klapprott v. United States*, 335 U.S. 601, 613-14 (1949) (setting aside a judgment under Rule 60(b)(6) in a denaturalization proceeding because petitioner had been incarcerated, ill, and without counsel for the four years following the judgment). Even assuming Garcia's circumstances were "extraordinary," the district court did not abuse its discretion in denying the Rule 60(b)(6) motion because the circumstances at the Order to Show Cause hearing did not contribute to the overall outcome of the case. The district court made clear it would have dismissed the case for Garcia's failure to oppose the motion to dismiss alone.

2. The district court did not err in denying Garcia's Rule 60(d)(3) motion to set aside the judgment because the alleged misrepresentation did not constitute fraud on the court. To constitute fraud on the court, "the relevant misrepresentations must go 'to the central issue in the case' and must 'affect the outcome of the case.'" *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1168-69 (9th Cir. 2017) (citations omitted). When the moving party "through due diligence could have discovered the non-disclosure" or alleged misrepresentation, such fraud does not "disrupt the judicial process" and does not amount to fraud on

4

the court.  *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003).

Here, the alleged misrepresentation does not constitute fraud on the court because it did not "affect the outcome of the case" and could have been discovered earlier through due diligence.  *See Sierra Pac.*, 862 F.3d at 1168.  The district court dismissed the case because of Garcia's failure to oppose the motion to dismiss.  *See V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 547 (9th Cir. 2019).  Thus, the alleged misrepresentation did not affect the outcome of the case.  Moreover, Garcia "through due diligence could have discovered" the alleged fraud earlier by requesting a transcript of the hearing.  *See Appling,* 340 F.3d at 780.

**AFFIRMED**.