**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 13 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHERYL COTTERILL, | No. 23-3327 |
| Plaintiff, | D.C. No. 4:08-cv-02295-JSW |
| and | |
| GREGORY MELVIN HAYNES, | MEMORANDUM[*] |
| Plaintiff - Appellant, | |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO; et al., | |
| Defendants - Appellees, | |
| and | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA; et al., | |
| Defendants. | |

| | |
|---|---|
| GREGORY MELVIN HAYNES, | No. 23-15162 |
| Plaintiff - Appellant, | D.C. No. 4:08-cv-02295-JSW |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

CHERYL COTTERILL,

       Plaintiff,

  v.

CITY AND COUNTY OF SAN
FRANCISCO; REGENTS OF THE
UNIVERSITY OF CALIFORNIA; et al.,

       Defendants - Appellees,

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted December 4, 2024[**]
San Francisco, California

Before: COLLINS, VANDYKE, and MENDOZA, Circuit Judges.

Gregory Haynes appeals from the district court's order denying his motions to vacate Appellees' judgment against him and to disqualify Judge White. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Payton v. Davis*, 906 F.3d 812, 817 (9th Cir. 2018) (reviewing denial of Rule 60(d) motion for abuse of discretion); *Irvine Unified Sch. Dist. v. K.G.*, 853 F.3d 1087, 1090 (9th Cir. 2017) (reviewing denial of Rule 60(b) motion for abuse of

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

discretion); *United States v. Rogers*, 119 F.3d 1377, 1380 (9th Cir. 1997) (reviewing denial of a motion for disqualification for abuse of discretion). We affirm.

1. The district court did not abuse its discretion in denying Haynes's motions for relief from judgment on the grounds that the motions to vacate were untimely and lack merit.[1] First, Haynes fails to demonstrate that his motions, to the extent they seek relief under Rules 60(b)(4) and (b)(6), were timely. Motions brought under Rule 60(b)(4)–(6) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam). Haynes filed his motions more than nine years after the entry of judgment and award of sanctions, and more than eight years after the Committee

---

[1] Haynes filed two motions to vacate, each seeking to vacate the same judgment that we affirmed on March 23, 2015. That judgment consisted of $165,578.37 owed to the Board of the Regents of the University of California ("Regents") and $196,967.24 owed to the City and County of San Francisco (the "City"). In 2022, the Regents renewed its judgment. Shortly thereafter, Haynes filed his first motion, seeking to "vacate the judgment in this matter as to all defendants" "based on the judgment being void" and "based on the judgment being a fraud upon the court." Later, the City filed an application to renew its judgment. Haynes then filed his second motion, seeking to "vacate the judgment as to all city defendants who have filed an application for renewal of Judgment" due to "legal error in the issuance of the judgment."

3

on Codes of Conduct of the Judicial Conference of the United States published an opinion letter regarding Judge White's recusal inquiry due to his relationship with his son. Despite asserting that he was unaware of the "disqualification issue" in June 2013, Haynes does not indicate when he learned of this information. He thus fails to bear his burden to demonstrate timeliness.

Second, the district court properly denied Haynes's motions to vacate the judgment under Rules 60(b)(4), (b)(6), and (d)(3). Pursuant to Rule 60(b)(4), Haynes failed to demonstrate that the judgment is void on the grounds that the district court "lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999). Nor does the employment of Judge White's son with the City Attorney's Office rise to the level of extraordinary circumstances, as required under Rule 60(b)(6), or establish fraud on the court under Rule 60(d)(3). *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment." (citation omitted)); *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1167 (9th Cir. 2017) ("[R]elief from judgment for fraud on the court is 'available only to prevent a grave miscarriage of justice.'" (citation omitted)). Indeed, as the Committee on Codes of Conduct of the Judicial Conference of the United States

4

concluded, Judge White's recusal was unnecessary because the evidence did "not lead the Committee to conclude that [his] impartiality might reasonably be questioned." Additionally, Judge White acknowledged that he "did not share with his son any of the matters against the City pending before him."

2. For the same reasons outlined above, the district court did not abuse its discretion in denying Haynes's motion to disqualify Judge White. There was no error in denying the motion because it is untimely. *See Rogers*, 119 F.3d at 1382 (finding that failure to file a disqualification motion until more than one and one-half years after the party became aware of the grounds for disqualification rendered the motion untimely). Nor was disqualification necessary, as "'a reasonable person with knowledge of all the facts would [not] conclude that [Judge White's] impartiality might reasonably be questioned'" on account of his relationship with his son. *In re Creech*, 119 F.4th 1114, 1121 (9th Cir. 2024) (quoting *United States v. Carey*, 929 F.3d 1092, 1104 (9th Cir. 2019)).

And to the extent Haynes attempts to relitigate the merits of the underlying judgment, we decline to consider such arguments. *See Floyd v. Laws*, 929 F.2d 1390, 1400 (9th Cir. 1991) ("An appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment.").

**AFFIRMED**.

5