NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| DOUBLE DIAMOND DISTRIBUTION, LTD., | No. 24-1959 |
| Appellant, | D.C. No. 22-1212 |
| v. | MEMORANDUM[*] |
| GARMAN TURNER GORDON, LLP, |  |
| Appellee. |  |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
William J. Lafferty, III, Julia W. Brand, and Frederick Philip Corbit, Bankruptcy
Judges, Presiding

Submitted March 31, 2025[**]
Phoenix, Arizona

Before: HAWKINS, FISHER[***], and R. NELSON, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable D. Michael Fisher, United States Circuit Judge for the Court of Appeals, 3rd Circuit, sitting by designation.

Plaintiff Double Diamond Distribution, Ltd. ("Double Diamond"), an affiliate of debtor U.S.A. Dawgs, Inc. ("Debtor"), agreed to pay Debtor's bankruptcy counsel, appellee Garman Turner Gordon, LLP ("GTG") a monthly retainer and guaranteed the payment of GTG's fees and expenses incurred in connection with the Debtor's bankruptcy case (the "Engagement Agreement"). After Debtor's assets were sold in bankruptcy, GTG applied for fees and the bankruptcy court approved the application. The bankruptcy court's fee order ("Fee Order") specified that Debtor and Double Diamond would be jointly and severally liable for payment of the fees and expenses.

Double Diamond refused to pay and after avoiding collection efforts in Canada for several years, filed a motion to under Rule 60(b) of the Federal Rules of Civil Procedure. The bankruptcy court denied the motion to reopen, and Double Diamond appealed to the Bankruptcy Appellate Panel ("BAP"), which affirmed the bankruptcy court in a published opinion. *See Double Diamond Distribution, Ltd. v. Garman Turner Gordon LLP (In re U.S.A. Dawgs, Inc.)*, 657 B.R. 98 (9th Cir. BAP 2024).

We review questions of subject matter jurisdiction de novo, *Montana v. Golding (In re Pegasus Gold Corp.),* 394 F.3d 1189, 1193 (9th Cir. 2005), and the denial of a motion under Rule 60(b) for an abuse of discretion, *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1167 n.7 (9th Cir. 2002), and we affirm.

## I.  Subject Matter Jurisdiction

We agree with the BAP and the bankruptcy court had jurisdiction in this matter.  "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction."  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (internal quotation and citation omitted).  As set forth in 28 U.S.C. § 1334, bankruptcy courts exercise jurisdiction over matters that (i) "arise under" the Bankruptcy Code; (ii) "arise in" a bankruptcy case and (iii) are "related to" a bankruptcy case.  *See Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard)*, 729 F.3d 1279, 1285–87 (9th Cir. 2013).

A proceeding "arises in" a case under the Bankruptcy Code "if it is an administrative matter unique to the bankruptcy process that has no independent existence outside of bankruptcy and could not be brought in another forum, but whose cause of action is not expressly rooted in the Bankruptcy Code."  *Battle Ground Plaza, LLC v. Ray (In re Ray),* 624 F.3d 1124, 1131 (9th Cir. 2010).  As the BAP explained, "while guaranty agreements can and do exist outside of bankruptcy, the Engagement Agreement, including the guaranty and funding provisions therein, could not."  657 B.R. at 111.  The Engagement Agreement, which was executed by both Debtor and Double Diamond, pertained solely to the retention of Chapter 11

counsel in accordance with §§ 327–331, and required the bankruptcy court's approval pursuant to these provisions. Because Debtor lacked the ability to pay bankruptcy counsel, the bankruptcy case would not have existed without Double Diamond's agreement to fund GTG. As the BAP explained, "[b]ecause this employment and compensation scheme cannot exist outside of bankruptcy, the current dispute over the Fee Order 'arose in' Debtor's bankruptcy case." *Id.*; *accord Battle Ground Plaza, LLC v. Ray (In re Ray)*, 624 F.3d 1124, 1131 (9th Cir. 2010).[1]

As the bankruptcy court had jurisdiction to enter the Fee Order, the judgment was not void and there was no basis to reopen under Rule 60(b)(4).

## II.    Rule 60(b)(6)

Double Diamond also sought relief pursuant to Fed. R. Civ. P. 60(b)(6). Relief under this provision is to be "used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (internal quotation and citation omitted).

---

[1] The BAP also opined that the bankruptcy court had "arising under" and "related to" jurisdiction. 657 B.R. at 112–15. We need not address these additional bases for bankruptcy jurisdiction, as any avenue for subject matter jurisdiction is independently sufficient to affirm the denial of the Rule 60(b) motion.

Motions for relief from judgment must be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1); *see also Ashford v. Stewart*, 657 F.2d 1053, 1055 (9th Cir. 1981).

Here, Double Diamond offers little explanation of why it took over three and a half years from the entry of the Fee Order for it to seek Rule 60(b) relief. The bankruptcy court noted that Double Diamond and its principal Steven Mann were properly served with the fee application and proposed order, that Double Diamond chose to litigate its liability in Canada instead of appealing the Fee Order, and that Double Diamond engaged Canadian counsel to oppose GTG's efforts to enforce the Fee Order in 2018, at which point it must have been aware of the contents of the Fee Order. Accordingly, the bankruptcy court did not abuse its discretion when it concluded that there was no evidence or argument establishing extraordinary circumstances beyond Double Diamond's control that prevented it from taking timely action.

**AFFIRMED.**